KWF INDUSTRIES, INC., Plaintiff,

v.

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, et
al., Defendants.

Civ. A. No. 83–0431.

United States District Court,
District of Columbia.

June 28, 1984.

George R. Clark, Judith L. Harris, Pierson, Ball & Dowd, Washington, D.C., for plaintiff.

Michael S. Yauch (AT & T), David Lewis, Washington, D.C., for defendants.

MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff KWF Industries, Inc. commenced this action against defendants by filing a complaint on February 15, 1983. Defendant, after answering the complaint, moved to dismiss the first count on the grounds that it is barred by the applicable statute of limitations. KWF opposes the motion. After consideration of the pleadings, memoranda of law, and the argument

of counsel, the Court concludes that the motion of defendants must be denied.

## BACKGROUND

In count one of the complaint, plaintiff alleges that defendants and others, prior to 1968 and continuing up to February 1983, have been engaged in an unlawful combination and conspiracy to unreasonably restrain trade and commerce in, *inter alia,* the distribution of automatic answering devices in violation of sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3 (1982 ed.). Plaintiff further alleges that defendants have engaged in an unlawful combination and conspiracy to both monopolize and attempt to monopolize interstate trade and commerce in the distribution of automatic answering devices and have monopolized the aforesaid trade and commerce in violation of section 2 of the Sherman Act, 15 U.S.C. § 2.[1]

*Statute of Limitations*

The statute of limitations applicable to this case provides in pertinent part:

> Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private or State right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* that whenever the running of the statute of limitations in respect of a cause of action arising under section 15 or 15c of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the peri-

od of suspension or within four years after the cause of action accrued.

Plaintiff alleges in its complaint that the statute of limitations governing its Sherman Act claims was tolled during the pendency of *United States v. American Tel. & Tel. Co., et al.,* C.A. No. 74–1698 (D.D.C. Nov. 20, 1974), a civil antitrust action filed by the United States against American Telephone and Telegraph Company, Western Electric Company, Inc., and Bell Telephone Laboratories, Inc.[2] Its claims in this action, plaintiff asserts, are based upon matters raised in the 1974 suit filed by the United States and thus its right of action was suspended pursuant to 15 U.S.C. § 16(i). Defendants do not deny that the statute of limitations was suspended during the pendency of the 1974 case but rather dispute the date of the termination of that case. Plaintiff contends that the 1974 case terminated on August 24, 1982, when a consent decree was entered dismissing the case. Thus, it argues that its action, filed on February 15, 1983, was timely filed and well within the one-year period. On the other hand, defendants maintain that the 1974 case was terminated on January 8, 1982, when the parties to that action filed a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(ii), Federal Rules of Civil Procedure (FRCP), and plaintiff's action was filed thirteen months after the termination of the 1974 case. Thus, the pivotal issue to be decided is when did the 1974 case terminate. A brief account of the relevant procedural background of that case is necessary to understand how this dispute arose.

*The 1974 Antitrust Case*

On November 20, 1974, the United States filed suit against AT & T, Western Electric, and Bell Laboratories in the United States

[1]. Pursuant to sections 4 and 5 of the Clayton Act, 15 U.S.C. §§ 15, 16 (1982 ed.), plaintiff seeks treble damages and injunctive relief for the alleged Sherman Act violations.

[2]. This 1974 antitrust action specifically alleged that defendant AT & T, Western Electric, and Bell Telephone Laboratories had engaged in an unlawful combination and conspiracy to mono-

polize, had attempted to monopolize, and that defendants had monopolized interstate trade and commerce in three broad categories: 1) intercity communications services; 2) customer-owned terminal equipment, and 3) the purchasing of communications equipment by Bell operating companies.

District Court for the District of Columbia for alleged monopolization in violation of section 2 of the Sherman Act. The trial of this case commenced before Judge Harold Greene on January 15, 1981. However, before the completion of the Government's case-in-chief, the parties entered into a stipulation for voluntary dismissal pursuant to Rule 41(a)(1)(ii), FRCP. On January 8, 1982, the parties presented this stipulation to the office of the Clerk of Court for filing pursuant to Rule 5(e) of the FRCP at which time Judge Greene directed that the stipulation be deemed "lodged, not filed." *See United States v. American Tel. & Tel. Co.,* 552 F.Supp. 131, 144–45 & n. 52 (D.D.C. 1982). Judge Greene later permitted the stipulation to be "filed" on August 24, 1982, after a consent decree was entered terminating the suit. However, throughout the course of the 1974 case, defendants insisted that the action terminated on January 8, 1982, when the parties filed the stipulation of dismissal. They press this same argument in support of their motion to dismiss.

### DISCUSSION

■ It must first be pointed out that a motion to dismiss under Rule 12 of the FRCP is merely a decision on pleadings, and for that reason, it is granted sparingly and with caution. This is especially true in antitrust cases. *See Hospital Bldg. Co. v. Trustee of Rex Hospital,* 511 F.2d 678, 680 (4th Cir.1975), *rev'd on other grounds,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Moreover, in ruling on defendants' motion to dismiss on statute of limitations grounds, the allegations of the complaint are assumed to be true. *See Barnosky*

*Oils, Inc. v. Union Oil Co. of California,* 665 F.2d 74, 77 (6th Cir.1981). *See M & T Chemicals, Inc. v. International Business Machines Corp.,* 403 F.Supp. 1145, 1146 (S.D.N.Y.1975), *aff'd,* 542 F.2d 1165 (2d Cir. 1976), *cert. denied* 429 U.S. 1030, 97 S.Ct. 656, 50 L.Ed.2d 637 (1976).

■ The gravamen of defendants' argument is that the stipulation of voluntary dismissal presented to the clerk's office by the parties to the 1974 case was "filed" in accordance with Rule 5(e) thereby dismissing the suit on January 8, 1982, notwithstanding Judge Greene's directive that the stipulation be lodged rather than filed. Indeed, defendants maintain that Judge Greene's directive did not and could not prevent the dismissal of the 1974 case under Rule 41, which clearly provides that a stipulation of dismissal automatically takes effect upon filing "without order of the court" unless a specific federal statute requires otherwise. Defendants further assert that the Antitrust Procedures and Penalties Act of 1974, 15 U.S.C. § 16(b)–(h) (Tunney Act), which Judge Greene cited as a ground for treating the stipulation as lodged, is not a proper basis for judicial review of a stipulation of voluntary dismissal since the Tunney Act does not apply to dismissals under Rule 41(a)(1).

The Court rejects defendants' position on several grounds. First, this same argument was urged by defendants in the 1974 case and rejected by Judge Greene, who determined that although the pleading was labelled "Stipulation of Voluntary Dismissal", it was in substance a "consent decree ... in which AT & T essentially agreed to the relief sought by the Government." [3]

---

**3.** In reaching his decision, Judge Greene looked beyond the labeling of the parties and examined the contents of a pleading styled "Modification of the [1956] Final Judgment", which defendants AT & T and Western Electric filed in an older and separate Government antitrust suit in the United States District Court for the District of New Jersey. *See United States v. Western Electric Co.,* C.A. No. 17–49 (D.N.J.) Judge Greene characterized defendants' denomination of their agreement in the New Jersey case as "misleading" since "the agreement encompasses far more than a modification of the 1956 judg-

ment [in the New Jersey case]—and, indeed ... deals primarily with the AT & T [1974] lawsuit ...." 552 F.Supp. 131, 141, n. 31 (D.D.C.1982). *See also id.* at 144–45, n. 52. Thus, the Court determined that notwithstanding the labeling of the stipulation in the 1974 Government suit, the pleading was in effect a consent decree and the agreement filed in the New Jersey case was the "proposed decree." This "proposed decree" was subsequently transferred to the District Court for the District of Columbia before Judge Greene and on August 24, 1982, following public

*United States v. AT & T,* C.A. No. 74–1698, Tr. 25042–43. *See also Gregg Communications Systems, Inc. v. American Telephone & Telegraph Co.,* 98 F.R.D. 715, 718 (N.D.Ill.1983); *United States v. Mercedes-Benz of North America, Inc.,* 547 F.Supp. 399, 400 (N.D.Cal.1982). Moreover, defendants who did not appeal this decision but rather acquiesced in the court's ruling, cannot now seek "judicial review" of that decision. Second, assuming plaintiff did not file its complaint within one year after the termination of the 1974 case, the complaint nonetheless sufficiently alleges that defendants engaged in a continuous conspiracy to violate antitrust laws up to February 1983 when plaintiff commenced this action and that defendants committed unlawful acts within the statutory period causing injury to plaintiff. *See Fleer Corp. v. Topps Chewing Gum, Inc.,* 415 F.Supp. 176 (E.D.Pa.1976); *Cf. Barnosky Oils, Inc.,* 665 F.2d at 81. It is well established for purposes of the statute of limitations that a cause of action for a continuous antitrust violation accrues each time a plaintiff is injured by an act of the defendant. *Id. Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971) *Postal Exchange, Inc. v. Nat'l Screen Service Corp.,* 517 F.2d 117, 126–28 (5th Cir.1975). In essence, the alleged conspiracy consists of a "continuing series of acts upon which successive causes of actions may accrue." *Postal Exchange, Inc.,* 517 F.2d at 125. The statute of limitations for those damages begins to run from the time the illegal act occurs. *Zenith Radio Corp.,* 401 U.S. at 338, 91 S.Ct. at 806. Accepting the allegations of the complaint as true and construing them in the light most favorable to plaintiff, it is not clear from the face of the complaint that all the alleged unlawful acts of defendants which caused injury to plaintiff occurred more than four years before the filing of the complaint. For the reasons expressed in this Opinion, the Court will deny the motion of defendants to

hearings, Judge Greene approved the consent decree thereafter permitting the stipulation of

dismiss. Accordingly, it is this 28th day of June, 1984,

ORDERED that the motion of defendants to dismiss on statute of limitations grounds be, and hereby is, denied.

voluntary dismissal to be filed. *Id.* at 145.