**SHIMAZAKI COMMUNICATIONS, INC. and Shimazaki Electronics, Inc., Plaintiffs,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al., Defendants.**

**No. 84 Civ. 8804 (KTD).**

United States District Court, S.D. New York.

May 16, 1986.

Levy & Smith, P.C., Washington, D.C. (Robert C. Smith, of counsel) and Woocher & Woocher, Mt. Kisco, N.Y. (Elliot Woocher, of counsel), for plaintiffs.

American Tel. and Tel. Co., New York City by Edwin P. Rutan, II, AT & T Communications, New York City, AT & T Technologies, Inc., Berkeley Heights, N.J. (James A. Curley, of counsel), Bell Telephone Laboratories, Murray Hill, N.J. (Henry Brendzel, of counsel), New York Telephone Co., New York City (Gregory Potter, of counsel), New Jersey Bell Telephone Co., Newark, N.J. (Jim G. Kilpatric, John J. Langhauser, John M. Clarke, Bernard M. Hartnett, Jr., James B. Ventantonio, of counsel) by John M. Goodman, Gilbert E. Geldon, Bell Atlantic M.S.I., Washington, D.C., for defendants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants American Telephone and Telegraph Co., AT & T Technologies (formerly Western Electric Co.), Bell Telephone Laboratories, Inc., New York Telephone Co., and New Jersey Bell Telephone Co. (collectively "AT & T") move pursuant to Fed.R.Civ.P. 56 for summary judgment, or in the alternative, for partial summary judgment, against the plaintiffs Shimazaki Communications, Inc. ("Shicom") and Shimazaki Electronics, Inc. ("Shimtronics") (collectively "Shimazaki"). Shimazaki cross-moves to strike AT & T's statute of limitations defense.

### FACTS

Plaintiffs brought this antitrust action pursuant to sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2 (1982). Essentially, plaintiffs claim that AT & T monopolized the market in key telephone systems and private branch exchange systems ("PBX") by requiring that any such systems not manufactured by AT & T could be attached to AT & T's main trunk line only through a protective connecting arrangement ("PCA") which was provided and installed exclusively by AT & T. After June 1, 1978 and pursuant to the FCC's Third Report and Order in *In the Matter of Proposals for New or Revised Classes of Interstate and Foreign Message Toll Telephone Service and Wide Area Telephone Service,* 67 F.C.C.2d 1255 (1978), performance standards were adopted as an alternative to the PCA requirement for protecting AT & T's system.

AT & T asserts that Shimazaki's claims are untimely because they were not filed within the four-year statute of limitations provided by 15 U.S.C. § 15(b) (1982) nor within any additional time which may have been provided through a tolling of the statute of limitations. Shimazaki asserts that its claims were timely filed because the statute of limitations was tolled (1) by the Department of Justice lawsuit against AT & T, *United States v. American Tel. & Tel. Co., et al.,* 552 F.Supp. 131 (D.C.1982) and (2) during the pendency of the class action determination in *Glictronix Corp. v. American Tel. & Tel. Co.,* 603 F.Supp. 552 (D.N.J.1984).

Because the PCA requirement ended not later than June 1, 1978, Shimazaki's cause of action must have arisen on or before that date. Thus, Shimazaki, at the latest, had four years from June 1, 1978 in which to file its suit under the Clayton Act unless the statute of limitations was tolled. Shimazaki filed this action on December 7, 1984.

Shimazaki claims it is entitled to a toll of the statute of limitations pursuant to 15 U.S.C. § 16(i) (1982),[1] during the pendency

---

1. Section 16(i) reads:
   (i) Suspension of limitations

Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the

of and for one year following the end of the antitrust action filed by the United States Department of Justice against AT & T on November 20, 1974. Because that action specifically alleged that the PCA requirement was a violation of the antitrust laws, AT & T does not dispute that Shimazaki is entitled to a toll of the statute of limitations until one year following the termination of that suit. Defendant's Memorandum in Support of Their Motion for Summary Judgment, 5 n. **. The parties disagree, however, as to the termination date of that suit.

A brief history of previous litigation concerning AT & T is required to fully understand the parties' positions on the date of termination issue. In 1956 a consent decree was entered in the United States District Court for the District of New Jersey in an antitrust lawsuit between the United States, the Western Electric Company ("Western Electric"), and AT & T. At the time, Western Electric was a wholly owned subsidiary of AT & T. Pursuant to the 1956 consent decree, AT & T's business was limited to providing common carrier communication services; Western Electric was permitted to manufacture equipment to be used by the Bell System only; and both defendants were required to license their patents to all applicants paying the appropriate royalties. The consent decree remained in effect until modified by subsequent litigation in 1982.

In 1974 the Justice Department filed a separate antitrust suit against AT & T, Western Electric, and Bell Telephone Laboratories ("Bell Labs") in the District Court for the District of Columbia. After several years of pretrial preparation, the case proceeded to trial in January, 1981. On January 8, 1982, after presentation of the government's case and most of the defendants' case, the parties submitted a Stipula-

tion of Voluntary Dismissal (the "Stipulation of Dismissal") pursuant to Fed.R. Civ.P. 41(a)(1). On the same day the parties submitted a Modification of Final Judgment ("MFJ") in the 1956 New Jersey case, which was transferred from New Jersey to the District of Columbia and consolidated with the 1974 suit already pending there before Judge Harold Greene. Treating the Stipulation of Dismissal and MFJ as a consent decree, Judge Greene ordered the Stipulation of Dismissal lodged and not filed until such time as the Tunney Act requirements, 15 U.S.C. § 16(b) (1982), for public hearings and comments could be affected.

## ANALYSIS

*Date the 1974 Suit Terminated*

AT & T insists that the 1974 case ended January 8, 1982, when the Stipulation of Dismissal was submitted to the court. Because such a stipulation can be valid without a court order, AT & T argues that the dismissal is automatic and operates immediately to terminate the case. Judge Greene, however, looked beyond the parties' labeling and treated the Stipulation of Dismissal and MFJ as, in effect, a consent decree and held,

[t]he parties have designated their agreement as a "Modification of the Final Judgment." However, since the agreement encompasses far more than a modification of the 1956 judgment—and, indeed, ... deals primarily with the AT & T lawsuit [the 1974 case]—it would be misleading to refer to the agreement as a modification of the 1956 decree. The agreement will generally be referred to herein as the "proposed decree."

*United States v. American Tel. & Tel. Co.,* 552 F.Supp. at 141 n. 31. Judge Greene further stated,

antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private or State right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, how-*

*ever,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 or 15c of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued.

Whatever may be the proper rule in other circumstances ... at least when the dismissal of a major antitrust action has substantive aspects or is so closely tied to a "modification" of another decree as is the case here, Tunney Act procedures apply. The parties have not appealed the Court's decision which refused the filing of the dismissal notice and required application of Tunney Act procedures.

*Id.* at 144–45 n. 52. Under these circumstances, the Stipulation of Dismissal cannot be considered effective on January 8, 1982 as urged by AT & T. Rather, Judge Greene ordered the Stipulation filed on August 24, 1982, which is the date the dismissal was effected. Three earlier cases have also held that the Stipulation of Dismissal in this case was effective August 24, 1982. *Gregg Communications Systems v. American Tel. & Tel. Co.,* 98 F.R.D. 715, 718 (N.D.Ill.1983); *KWF Industries v. American Tel. & Tel. Co.,* 592 F.Supp. 795, 797 (D.C.D.C.1984); *Wrede v. American Tel. & Tel. Co.,* No. 83–283–1 (M.D.Ga. Feb. 7, 1985) (order denying summary judgment and motion to amend).

Shimazaki further argues that the 1974 suit did not terminate until the time for all appeals had lapsed and the final Plan of Reorganization ("POR") was affirmed by the United States Supreme Court on December 12, 1983 in *California v. United States,* 464 U.S. 1013, 104 S.Ct. 542, 78 L.Ed.2d 719 (1983). Alternatively, Shimazaki argues that the suit did not terminate until the intervenors' appeals were denied and the MFJ affirmed on February 28, 1983 in *Maryland v. United States,* 460 U.S. 1001, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983).

Until the appeals were denied, Shimazaki contends, potential private plaintiffs were in no position to take full advantage of the prior government antitrust litigation. *Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co.,* 381 U.S. 311, 317, 85 S.Ct. 1473, 1476, 14 L.Ed.2d 405 (1965). Shimazaki points to several facts it claims establish that the case was not over when the MFJ and the Stipulation of Dismissal

were filed in the 1974 suit. Shimazaki notes, for example, that intervenors were given the right to appeal the entry of the judgment, the right to participate in the proceedings to determine whether to approve the POR, and the right to appeal the final POR. *United States v. American Tel. & Tel. Co.,* 552 F.Supp. at 219.

■ Although there is Second Circuit authority for the proposition that a case does not terminate until the time to appeal has elapsed, *Russ Togs, Inc. v. Grinnell Corp.,* 426 F.2d 850, 857 (2d Cir.1970), *Russ Togs* did not involve a consent decree, or its equivalent, and is therefore distinguishable from the instant case. Generally, where a case is terminated by a consent decree, or in this case, by the equivalent of a consent decree, it ceases pending on the date the decree is entered. *Yoder Brothers, Inc. v. California-Florida Plant Corp.,* 537 F.2d 1347, 1363 (5th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 540 (1977); *see Center for Auto Safety v. Department of Justice,* 576 F.Supp. 739, 745, n. 14 (D.D.C.1983).

■ Judge Greene held that judicial scrutiny of the MFJ would continue, primarily to ensure appropriate implementation of the POR. He stated, "[a]lthough the principles underlying the proposed decree are clear, they are in several respects sufficiently general in nature that they could be implemented by the parties in a number of different ways." *United States v. American Tel. & Tel. Co.,* 552 F.Supp. at 214. This does not indicate, however, that the MFJ was so indefinite that it could not be useful to prospective plaintiffs in bringing private antitrust actions. Nor does it indicate that the MFJ and Stipulation of Dismissal lacked finality. On the contrary, the MFJ worked out in great detail how the divestiture of AT & T's operating companies was to occur. It also detailed the requirements AT & T had to meet in order to expand into the computer and information services markets. *United States v. American Tel. & Tel. Co.,* 552 F.Supp. at 178–234. For these reasons, I find the 1974 case terminated on August 24, 1982

with the entry of the MFJ and Stipulation of Dismissal of the 1974 case. Thus, unless the statute of limitations was tolled for another reason, Shimazaki's claims, because they were not filed by August 24, 1983, are untimely.

*Class Action Toll*

■ Shicom claims it is entitled to an additional toll of the statute of limitations until class certification was denied in *Glictionix Corp. v. American Tel. & Tel. Co.*, 603 F.Supp. 552 (D.N.J.1984). The filing of a class action tolls the statute of limitations for all members of the putative class until class certification is denied. *Crown, Cork. & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). Because Shimtronics is a manufacturer, designer, and assembler of key phone systems, it concedes that it is not a member of the *Glictronix* class and thus, not entitled to a toll based on that action. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, 29 n. *. AT & T disputes that Shicom is a member of the class and thus entitled to the toll.

■ The starting point for determining whether Shicom was included among the *Glictronix* class members, is with the complaint filed in that case. There it was alleged that the class

> consist[s] of all persons who engaged in the business of distributing, selling, renting and/or leasing, PBX Systems, both automatic and otherwise, and key telephone systems, of various manufacturers, to subscribers of telephone service in interstate commerce provided by the defendants, New Jersey Bell Telephone Company and New York Telephone Company, and who sustained damages as a result of the acts herein alleged.

Shicom argues that it falls within this definition because it sold PBX and key phone systems. Shicom contends "[t]here is nothing in the class definition about selling directly or selling at retail." This argument, however, conveniently ignores several important facts.

Glictronix was a retailer of PBX and key telephone systems. *Glictronix*, 603 F.Supp. at 556. Class certification in *Glictronix* was denied because Glictronix and the other interconnect companies allegedly members of the class, were competitors in the retail PBX and key phone systems market. Thus, the court held that their interests were adverse to one another and that Glictronix could not adequately represent the other class members' interests. *Glictronix*, 603 F.Supp. at 585–86. Accordingly, although the class description in the complaint does not specifically indicate the class was to be composed only of retail dealers, it appears that such a composition was contemplated. Shicom, on the other hand, was a wholesale dealer who sold to retail interconnect companies, not to end users. Michael Smith Deposition, 63 (Smith is the Vice President and General Counsel of Shimazaki Corporation). Moreover, Shicom did not have any equipment for installing the systems or for maintaining them. *Id.* at 57. The *Glictronix* complaint requires that class members sell "to subscribers of telephone service ... provided by the defendants...." Shicom ignores this requirement altogether. The problems of certifying only the interconnect companies in *Glictronix* were insurmountable. To conclude that a more diverse and even more unmanageable group of plaintiffs was contemplated would be, I think, erroneous. Thus, I conclude, Shicom, as a wholesale dealer of PBX and key phone systems, was never intended to be a member of the *Glictronix* class. Indeed, it would have been totally unreasonable for Shimtronics or Shicom to have viewed itself as a member of that class.

To summarize briefly: The 1974 case against AT & T terminated with the entry of the MFJ and the Stipulation of Dismissal on August 24, 1982, the day the court ordered the dismissal filed. Because neither plaintiff is entitled to a toll pending the class action determination in *Glictronix*, plaintiffs had one year from the end of the 1974 suit, or until August 24, 1983, to file their claims. Shimazaki interposed its

claims on December 7, 1984. Because Shimazaki's claims are untimely, AT & T's motion for summary judgment is granted. All other motions are denied as moot.

SO ORDERED.