736 F.2d 992
 38 Fair Empl.Prac.Cas. 1042,
34 Empl. Prac. Dec. P 34,456, 39 Fed.R.Serv.2d 323
 J.W. ADAMS, et al., Plaintiffs,
v.
BETHLEHEM STEEL CORPORATION, Sparrows Point, Maryland;
United Steelworkers of America, AFL-CIO-CLC, Local 2609;
United Steelworkers of America, AFL-CIO-CLC, Local 2610,
United Steelworkers of America, AFL-CIO-CLC, Appellees.
Alfred Franklin SMITH, Leroy S. Aiken, William C. Bland,
Leford T. Davis, Appellants,
and
Bernard Lane, et al., Plaintiffs,
v.
BETHLEHEM STEEL CORPORATION, Sparrows Point, Maryland and
United Steelworkers of America, AFL-CIO-CLC, Local 2609, and
United Steelworkers of America, AFL-CIO-CLC, Local 2610 and
United Steelworkers of America, AFL-CIO-CLC, Appellees.
Alfred Franklin SMITH, Leroy S. Aiken, William C. Bland,
Leford T. Davis, Appellees,
and
Bernard Lane, et al., Plaintiffs,
v.
BETHLEHEM STEEL CORPORATION, Appellant,
and
United Steelworkers of America, AFL-CIO, Locals 2609 and
2610, United Steelworkers of America, Defendants.
 Nos. 81-2174, 82-1368 and 82-1369.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 6, 1984.
Decided June 21, 1984.
 
 Luther C. West, Baltimore, Md. (West, Carey, Frame & Barnstein, Baltimore, Md., on brief), for appellants J.W. Adams, et al. and Alfred Franklin Smith, et al.
 John H. Morris, Jr., Washington, D.C. (Charles M. Kerr, Leslie A. Vial, Venable, Baetjer & Howard, Baltimore, Md., on brief), for appellee Bethlehem Steel Corporation.
 Jeremiah A. Collins, Washington, D.C. (Robert M. Weinberg, James D. Holzhauer, Bredhoff & Kaiser, Washington, D.C., I. Duke Avnet, Baltimore, Md., Bernard Kleiman, Chicago, Ill., General Counsel, United Steelworkers of America, AFL-CIO-CLC; Carl B. Frankel, Associate General Counsel, United Steelworkers of America, AFL-CIO-CLC, Pittsburgh, Pa., on brief), for appellees United Steelworkers of America AFL-CIO-CLC, and its Locals 2609 and 2610.
 Before WIDENER, HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After this broad racial discrimination case had been pending for nearly ten years, the district court finally denied class certification and the five named plaintiffs settled their individual claims, after which a new group of four was allowed to intervene for the purpose of appealing the denial of class certification.* Because the claims of the named plaintiffs were never stated with the requisite specificity, we hold that class certification was properly denied.
 
 
 2
 This action was filed in 1971 against Bethlehem Steel Corporation and United Steel Workers of America, alleging, in very broad language, thirty-seven general practices in which the defendants allegedly discriminated against black employees and applicants for employment. There were no allegations identifying the injuries allegedly suffered by the named plaintiffs, or any of them.
 
 
 3
 Upon moving for class certification, the plaintiffs did nothing to shore up their individual claims by offering specific instances of harm allegedly suffered by them. Nor did they attempt to establish a nexus between their individual claims and those of the putative class members. They informed the court that they were going on an "across-the-board" theory which would permit a named plaintiff who had suffered any injury to represent class members who had suffered completely different kinds of harm. The typicality requirement of Rule 23 was satisfied, they claimed, " 'by definition' when discrimination based on race is alleged."
 
 
 4
 The "across-the-board" approach was rejected by the Supreme Court in General Telephone Company v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), as it had earlier been rejected by this court. Hill v. Western Electric Co., 596 F.2d 99 (4th Cir.), cert. denied, 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979).
 
 
 5
 The plaintiffs then attempted to provide some nexus between their claims and the claims of putative class members. They dropped the claims of discrimination in hiring and in the operation of the seniority system. On the basis of complaints filed with the Equal Employment Opportunity Commission, they divided the putative class into fifteen separate classes, each of which was said to have been represented by at least one of the named plaintiffs, but they made no attempt to specify the harm allegedly suffered by any of the named plaintiffs by reason of the general practices of which they complained.
 
 
 6
 In denying class certification, the district court correctly held that it could not find that class certification was appropriate under Rule 23 without identifying the character or the type, but not the merits, of each plaintiff's claim as required by Doctor v. Seaboard Coastline R.R., 540 F.2d 699 (4th Cir.1976). Because the named plaintiffs still had not indicated what claim or claims each intended to raise in his own behalf under either Title VII or Sec. 1981, it declined to certify the class.
 
 
 7
 As indicated at the beginning, the named plaintiffs had accepted a settlement, and four other black employees were allowed to intervene for the purpose of appealing the denial of class certification.
 
 
 8
 The intervenors-appellants take a somewhat different tack. They contend that the "mere existence" of the thirty-seven enumerated policies alleged to be discriminatory had an adverse effect upon all black employees, who suffer identical harm.
 
 
 9
 This new theory is inapposite, however, for at least two reasons. Clearly it was not the theory of the complaint. Nor is it advanced as an end in itself. It is advanced only as a means of procuring class certification, after which individual class members would be permitted to prove and recover for discrete instances of specific harm suffered by them, quite apart from the "mere existence" theory.
 
 
 10
 It may well be that the infliction of psychological injury or the deprivation of the benefits of interracial association is actionable. Cf. Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209, 93 S.Ct. 364, 366, 34 L.Ed.2d 415 (1972). That is not alleged, however, and the existence of a wrong without some identifiable injury does not provide a basis for redress. See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 41 n. 22, 96 S.Ct. 1917, 1926 n. 22, 48 L.Ed.2d 450 (1976).
 
 
 11
 As a vehicle for obtaining class certification of an action in which individual members of the class may expect to obtain redress for discrete injuries they may be able to prove, the "mere existence" theory would nullify the typicality and commonality requirements of F.R.Civ.P. 23 in all discrimination cases. Those requirements, however, may not be thus neatly avoided. They are requirements that must be met as a predicate to class certification, as the Supreme Court held in General Telephone Company v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). What we said in Hill v. Western Electric Co., 596 F.2d 99, 101-02 (4th Cir.), cert. denied, 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979), is apposite:
 
 
 12
 All blacks and females have an interest in being free from discrimination in employment. In a very broad and loose sense, any member of any such class who suffers discrimination has the same interest as other members of the class who suffered discrimination in very different circumstances and by very different means, but clearly that is not [a ground for class certification].
 
 
 13
 Denial of class certification was well within the district court's discretion.
 
 
 14
 Finally, complaint is made that the district court did not wade through a mass of statistics and other material proffered to it shortly before denial of class certification. Those materials, however, would not have added specificity to the claims of the named plaintiffs. Even if they might have been helpful, the district court owed no affirmative duty to search through them for bits of pertinent information to which the lawyers had not pointed.
 
 
 15
 We have considered the cross-appeal of Bethlehem Steel, in which we find no merit.
 
 
 16
 The intervenors also contend that the district court erred in refusing to permit them to intervene individually to pursue their claims. Since the intervenors requested that this relief be granted only if leave to appeal was denied, the district court was within its discretion in denying this motion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Though there were only five named plaintiffs and only four intervenors, on their notices of appeal they listed the names of many members of the putative class