769 F.2d 210
 38 Fair Empl.Prac.Cas. 1054,
38 Empl. Prac. Dec. P 35,712
 Leford T. DAVIS; Leroy S. Aiken; William C. Bland; Alfred
Franklin Smith, On behalf of themselves and all
others similarly situated, Appellants,
v.
BETHLEHEM STEEL CORPORATION; United Steelworkers of
America, AFL-CIO-CLC, Local 2609; United Steelworkers of
America, AFL-CIO-CLC, Local 2610; United Steelworkers of
America, AFL-CIO-CLC, Appellees.
 
 No. 85-1153.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 4, 1985.
Decided Aug. 7, 1985.
 Luther C. West, Baltimore, Md. (West, Carey, Frame & Barnstein, Baltimore, Md., on brief), for appellants.
 Jeffrey P. Ayres, Baltimore, Md., Jeremiah A. Collins, Washington, D.C. (Charles M. Kerr, Venable, Baetjer & Howard, Baltimore, Md., Bredhoff & Kaiser, Washington, D.C., Bernard Kleiman, Kleiman & Whitney, Chicago, Ill., Carl B. Frankel, Pittsburgh, Pa., Robert M. Weinberg, Michael H. Gottesman, Washington, D.C., I. Duke Avnet, John H. Price, Baltimore, Md., on brief), for appellees.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and GORDON, United States District Judge for the Middle District of North Carolina, sitting by designation.
 SPROUSE, Circuit Judge:
 Leford T. Davis, Leroy S. Aiken, William C. Bland and Alfred T. Smith (hereinafter Davis) brought this action against Bethlehem Steel Corporation (Bethlehem) and Locals 2609 and 2610 of the United Steel Workers of America (the Unions) alleging racial discrimination violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (1982), and the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981 (1982). The action was filed in November 1982, although all the alleged discriminatory actions occurred prior to 1974. Davis, however, contends that the applicable statutes of limitations were tolled under the principles of American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and Crown, Cork & Seal v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). We agree with the district court, 600 F.Supp. 1312 (D.C.Md.1985), that the prerequisites for tolling under American Pipe and Crown are not present in this case.
 The employment practices involved in this suit have been in litigation for over fourteen years. A class action was originally filed in 1971, styled Lane v. Bethlehem Steel Corp., Civ.Action No. M-71-580 (D.Md. May 4, 1981), aff'd sub nom. Adams v. Bethlehem Steel Corp., 736 F.2d 992 (4th Cir.1984). In it the forty-one named black plaintiffs alleged thirty-seven broad pattern and practice charges of discrimination against 6,000 black employees at Bethlehem's Sparrows Point, Maryland, plant. The district court in that case denied class certification because the named plaintiffs alleged no injuries to themselves. The named individuals in that suit then settled their claims. Additional individual plaintiffs were allowed to intervene, however, for the limited purpose of appealing the court's refusal to certify the class. This court affirmed the trial court in Adams v. Bethlehem Steel, 736 F.2d 992 (4th Cir.1984), aff'g Lane v. Bethlehem Steel Corp., Civ.Action No. M-71-580 (D.Md. May 4, 1981). Davis then brought this class action in 1982 alleging again many of the same charges contained in the Lane action and also alleging that he had individually suffered from racial discrimination and had been denied the benefit of a working environment not charged with racial discrimination, thereby suffering "humiliation, intense mental anguish, emotional and physical distress and great economic harm." All of these allegations were confined to events occurring between 1967 and 1974.
 The trial court dismissed the complaint because it was time-barred, but granted Davis the right to amend and allege any continuing violations or new discriminatory acts occurring within the applicable time limits. Davis declined, asserting reliance solely on the allegations of discrimination occurring prior to 1974. Relying on American Pipe and Crown, Davis contends that the 1971 Lane complaint kept the claims alive until 1984 when we affirmed in Adams the district court's refusal to certify the class. The sole question on appeal is whether the applicable statutes of limitations were tolled during Lane's pendency in the trial court and on appeal. Davis contended below and contends on appeal that Bethlehem and the Unions received notice sufficient for tolling under American Pipe from the Lane proceeding. He argues primarily that although the Lane allegations were quite nonspecific, Bethlehem and the Unions should have been placed on "constructive" notice that the plaintiffs had suffered psychological injuries and were denied the benefits of association with white workers at the plant.
 In American Pipe, after the district court had ruled that a federal antitrust suit could not proceed as a class action, putative class members moved to intervene in the named plaintiffs' individual action. The Supreme Court ruled that the claims of the intervenors were not time-barred, holding that the statute of limitations was tolled by the filing of the class action as to all members of the putative class who made timely motions to intervene after the denial of class certification. 414 U.S. at 552-53, 94 S.Ct. at 765-66. In Crown, the Supreme Court, in affirming this court's decision in a Title VII case, held the same tolling principle to apply to all putative members of the class whether they subsequently chose to intervene or to bring a separate individual action. 462 U.S. at 353-54, 103 S.Ct. at 2397. The Supreme Court in both American Pipe and Crown emphasized the necessity of reconciling the policies for permitting class actions with policies underlying statutes of limitations generally. In outlining these policies and their interrelationship, Justice Stewart, in American Pipe, said:
 
 
 1
 This rule is in no way inconsistent with the functional operation of a statute of limitations. As the court stated in Order of Railroad Telegraphers v. Railway Express Agency [321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944) ], statutory limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." The policies of ensuring essential fairness to defendants and of barring a plaintiff who "has slept on his rights," are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.
 
 
 2
 414 U.S. at 554-55, 94 S.Ct. at 766-67 (citations omitted).
 
 
 3
 The Davis plaintiffs concede the nonspecific nature of their Lane complaint, stating in their brief:
 
 
 4
 [T]he specific charges against Bethlehem Steel in the Lane complaint included a "laundry list" of some 37 pattern and practice charges of discrimination. These charges ranged from initial hiring discrimination and job assignment discrimination where black employees were assigned to less preferable [sic] and lesser paid jobs, in all-black or nearly all-black departments and units, to the entrenched maintenance of such segregated departments and units by Bethlehem Steel. Bethlehem was alleged to have reserved its better paying jobs for white employees; of denying black employees fair promotion to better jobs, craft jobs, and supervisory, management and executive jobs. The employer was charged with not only refusing black employees better or more desirable jobs, or restricting blacks to lower jobs than whites but of discriminating against blacks on privileges, working conditions and overtime, and of harassing blacks who spoke out against the system. Bethlehem was further charged with discriminating against its 6000 black employees in Lane in the application of health and safety standards, in retirement pay, vacation privileges, and in failing to train black union representatives. The labor union defendants were charged in Lane with having knowledge of Bethlehem Steel's foregoing patterns of discrimination, and of doing nothing about these conditions.
 
 
 5
 Brief of Appellants at 7.
 
 
 6
 It is, of course, in the Lane complaint where we search for notice to Bethlehem and the Unions that the allegations of discrimination made in the instant case were being asserted against them in 1971. We agree with the district court that the requisite notice simply was not present. Nor have plaintiffs demonstrated that notice was given in subsequent discovery. As we indicated in Adams, the 1971 claims were not stated with the requisite specificity for certification of a putative class and the plaintiffs there did nothing to substantiate their individual claims by offering specific allegations of harm suffered by them. Instead, they proceeded on an " 'across-the-board' " theory which they deemed sufficient to permit a named plaintiff who had suffered any injury to represent class members who had suffered completely different kinds of harm. In Lane, moreover, they not only failed to allege any harm suffered by any individual, but they also failed to indicate any instance of discrimination--relying solely on generalized allegations as to employment practices.
 
 
 7
 We cannot accept the appellants' contention that this is the "fair notice" contemplated by the Supreme Court in American Pipe and Crown. It does not adequately notify the defendants of the substantive claims against them, nor of the generic identities of the potential plaintiffs. To permit tolling in this instance would inflict upon the defendants the very " 'prejudice arising from claims for which [they] ha[ve] received no prior notice' " which Justice Powell warned in Crown might flow from overly generous application of the rule of American Pipe. Crown, 462 U.S. at 355, 103 S.Ct. at 2398 (Powell, J., concurring) (quoting American Pipe, 414 U.S. at 562, 94 S.Ct. at 770 (Blackmun, J., concurring)).
 
 The judgment of the district court is
 
 8
 AFFIRMED.