[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Ethel Grimes, filed the instant action on March CT Page 5372 11, 1988, individually and as parent and next friend of her minor daughter, plaintiff Delores Grimes. The plaintiffs seek damages from the sole defendant, New Haven Housing Authority (defendant), for personal injuries the minor plaintiff allegedly suffered on September 4, 1982, when a pot containing hot water spilled on the minor plaintiff. The injuries allegedly occurred in an apartment occupied by the plaintiffs which was located in an apartment building owned and operated by the defendant.
Both parties have annexed to their respective affidavits identical exhibits which provide useful background facts.
On December 10, 1981, approximately nine months before the injuries to the minor plaintiff were sustained, and over six years before the case at bar was filed, six tenants of the Elm Haven Extension Apartments (Elm Haven), a federally subsidized low income housing complex, filed a class action lawsuit (hereinafterConnelly) on behalf of all Elm Haven tenants, against the owner and operator of these apartments, the New Haven Housing Authority. InConnelly, the tenants of Elm Haven sought injunctive relief and damages in two counts, alleging that (1) the defendant failed to provide heat and hot water, in contravention of the duties imposed by General Statutes § 47a-7[1], and (2) the defendant's actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), (see Connelly v. Housing Authority of the City of NewHaven, 213 Conn. 354, 567 A.2d 1212 (1990).
On December 22, 1981, the trial court in Connelly ordered the defendant to make immediate repairs so as to restore heat and hot water to the tenants' apartments.
In January of 1987, the Elm Haven tenants, as members of a class action suit, and the defendant, stipulated and agreed that the Connelly class action would be limited to those tenants who resided at Elm Haven any time between November 1, 1981 and March 31, 1982, and who lacked adequate heat and hot water in their respective apartments. Repairs to the heat and hot water system, once begun, were completed by March 31, 1982. Connelly v. HousingAuthority, supra, 357 n. 3. In the instant personal injury action, which was filed on March 11, 1988, the plaintiff Ethel Grimes alleges that the minor plaintiff sustained her injuries on September 4, 1982, which was over five months after the repairs were completed.
The plaintiffs' revised complaint, filed on April 26, 1990, CT Page 5373 alleges in the first count that the minor plaintiff's injuries were caused by the negligence of the defendant in that, inter alia, (a) defendant failed to provide hot water to plaintiffs' apartment in contravention of General Statutes § 47a-7 and Paragraph 300 of the Housing Code of the City of New Haven; (b) defendant knew or should have known that injuries of the type suffered by the minor plaintiff were a foreseeable result of its failure to provide hot water.
In count two, plaintiff Ethel Grimes alleges mental distress as a result of witnessing the minor plaintiff sustain her injuries.
On October 11, 1989, the defendant filed an answer and three special defenses asserting that the plaintiffs' damages were caused by the contributory negligence of the minor plaintiff, by the negligence of the plaintiff Ethel Grimes, and lastly, that the plaintiffs' causes of action are barred by the statute of limitations, in particular General Statutes § 52-584.
On February 19, 1992, the defendant filed a motion for summary judgment on the third special defense claiming that the plaintiff's claims are barred by the applicable statute of limitations, General Statutes § 52-584. Each of the parties have filed multiple memoranda of law and supporting affidavits in support of their respective positions on the motion for summary judgment. The motion was argued before the Court (Gray, J.) on April 5 and 26, 1993, but was not ruled upon. The parties fully reargued the matter before the undersigned on April 10, 1995 and each have thereafter filed supplemental memoranda.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Connelly v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 529 A.2d 805 (1987). A material fact is simply a fact which will make a difference in the result of the case. Genco v.Connecticut Light and Power Co., 7 Conn. App. 164, 167 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" FogartyCT Page 5374v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quotingDougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269,422 A.2d 311 (1979).
General Statutes § 52-584 provides:
 "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."
To avoid the two year statute of limitations problem in this case where suit was not brought for approximately five and one-half years after the injuries were received, the plaintiffs claim that the statute was tolled based on the so-called American Pipe tolling rule.
In American Pipe Construction Co. v. Utah, 414 U.S. 538,94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the State of Utah commenced a civil action which was purported to have been brought as a class action to represent various Utah agencies as well as other states. The suit claimed the petitioners violated antitrust laws. A motion was granted denying class action status because the State of Utah failed to meet the Rule 23(a)(1) requirement that the "class be so numerous that joinder of all members is impracticable." Id. 538 n. 6. Eight days after the order denying class action status, the respondents, all whom had been members of the original class, filed motions to intervene as plaintiffs in Utah's action. Id. 544. The district court denied the motion to intervene on the ground that the limitations period had run, and had not been tolled by the institution of the class action in their behalf. Id. The court of appeals found that the suit was actually commenced when Utah CT Page 5375 brought its action, thereby reversing the district court. Id. 545.
The Supreme Court affirmed, stating:
 "[A]t least where class action status has been denied solely because of the failure to demonstrate that `the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."
Id. § 552-53.
Crown, Cork Seal Co. v. Parker, 462 U.S. 345,103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) expanded on the American Pipe
holding. In Crown, Cork Seal Co., the petitioner asserted that the rule enunciated in American Pipe was limited to intervenors, and does not toll the statute of limitations for members of a class who choose to file actions on their own. The court, in Crown, Cork Seal Co., stated that the American Pipe rule should not be read so narrowly, and held that "`the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" Id. 353-54, quotingAmerican Pipe Construction Co., supra, 554. "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." Id. 354.
In concurrence, Justice Powell stated that the American Pipe
tolling rule should not be read
 "as leaving a plaintiff free to raise different or peripheral claims following denial of class status. . .; Id., 354; when a plaintiff invokes American Pipe in support of a separate lawsuit, the district court should take care to ensure that the suit raises claims that `concern the same evidence, memories, and witnesses as the subject matter CT Page 5376 of the original class suit' so that `the defendant will not be prejudiced'; Id., 355, quoting American Pipe, supra. 562; claims as to which the defendant was not fairly placed on notice by the class suit are not protected under American Pipe and are barred by the statute of limitations. Id. 355.
The defendant, in its memorandum of law in support of its motion for summary judgment, argues that the statute of limitations was not tolled on plaintiffs' claims because Connecticut does not toll statutes of limitations for class actions because class actions in Connecticut are permissive and do not prevent the filing of individual actions. The defendant further argues that even if the court were to find that Connecticut does toll statutes of limitations during the pendency of class actions, the statute of limitations on plaintiffs' claims would not have been tolled by theConnelly action because: (1) plaintiffs were not members of the class other than for injunctive relief until the date the parties entered into the January 15, 1987 stipulation, some two years and four months after the limitations period expired, (2) plaintiffs' claims are different than that of the class claims, which sought injunctive relief and damages under CUTPA, and (3) the class claims were limited to the period November 1, 1981 to March 31, 1982, yet plaintiffs' claims arose on September 4, 1982. In response, the plaintiffs argue in their opposition memorandum that Connecticut's interpretation of class action procedures follows the federal rule. Therefore, argue the plaintiffs, the American Pipe tolling rule — the commencement of a class action tolls the statute of limitations for all purported members of a class — applies to the instant case.
The defendant argues in its memorandum of law in support of its motion that the plaintiffs were not members of the Connelly
class because the plaintiffs resided at 250 Ashmun Street and theConnelly complaint did not include the residents of 250 Ashmun Street in its allegations. The Connelly complaint alleged:
 "The named plaintiffs, in addition to maintaining this action on their own behalf, seek to maintain this action for injunctive and ancillary relief on behalf of all tenants who reside in the buildings owned and operated by the defendant which are collectively referred to as `Elm Haven Extension' or `the Elm Haven high-rises,' consisting of the CT Page 5377 buildings at 120 Canal Street, 180 Canal Street, 185 Ashmun Street, 225 Ashmun Street, and 265 Ashmun Street.
Based on the foregoing paragraph contained in the class action complaint which omitted "250 Ashmun Street," the defendant argues that plaintiffs were not included in the Connelly class action for damages and therefore the institution of the class action could not operate to toll the statute of limitations with respect to the accident of September 4, 1982.
In opposition to the defendant's motion, the plaintiffs have filed a copy of Judge Foti's remarks at the Connelly trial. Judge Foti stated:
 "Pursuant to Section 42-1108, Sub. C, this court determines that this action may be maintained as a class action. It's determination obviously by statute is immediately appealable. I'm including all of the residents of 185 Ashmun Street, 2225 Ashmun, 265 Ashmun, 120 Canal, 180 Canal and 250 Ashmun Street. Although 250 Ashmun Street has not been including, specifically in the pleadings, I think under the equity powers that are allowed to me, as the court, that I can after hearing evidence which is clear as far as the heating system of that complex include that as a matter of insective, can't include five buildings without including the sixth. I've heard the parties, I've heard the evidence and I'm going to order that this action provisionally be allowed to be maintained as a class action for all of the tenants in the building of New Haven Housing Authority collectably known as Elm Haven Extension or the Elm Haven High Rises. Consisting of the buildings located, I've indicated 185 Ashmun, 225 Ashmun, 265 Ashmun, 120 Canal, 180 Canal, 250 Ashmun."
Based on Judge Foti's declaration, it would seem that the plaintiffs, as residents of 250 Ashmun Street, were members of the class action. CT Page 5378
However, the defendant argues that, even assuming that the plaintiffs were putative class members in Connelly before the Connecticut tolls statutes of limitations during the pendency of class actions, neither of which the defendant concedes, their claims state different causes of action than the class claims inConnelly. Therefore, argues the defendant, the American Pipe
tolling rule does not apply and the plaintiffs' claims are barred by the statute of limitations.
In response, the plaintiffs argue that, on the facts, the class complaint in Connelly, supra, sought the same relief as does the complaint in the instant matter — compensatory damages for violating General Statutes § 47a-7(a). Furthermore, as for the law, the plaintiffs argue that they have met the legal test as set out in Cullen v. Margiotte, 811 F.2d 698 (2d Cir. 1987), which states:
 "the asserted factual basis of the claims in the individual action must be the same as in the class action, so that American Pipe
tolling is properly extended to claims of absent class members that involved the same evidence, memories and witnesses as were involved in the initial putative class action."
Id. 720.
The plaintiffs argue that both the Connelly action and the instant action involved the defendant's failure to provide heat and hot water to its tenants, and the resulting adverse consequences to these tenants. The plaintiffs claim that the injury to the minor plaintiff was one of those adverse consequences, that the injury sustained by the minor plaintiff was included in the Connelly
action until January 1987, and that the plaintiffs then brought an individual action within less than two years.
In Davis v. Bethlehem Steel, 769 F.2d 210 (4th Cir., 1985), the plaintiff, Davis, brought a class action suit years after a previous class action suit which alleged racial discrimination violative of Title VII of the Civil Rights Act of 1964 was denied class action certification. In addition to alleging the same charges contained in the previous class action, the plaintiff also alleged that he had "individually suffered from racial discrimination and had been denied the benefit of a working environment not charged with racial discrimination, thereby CT Page 5379 suffering "humiliation, intense mental anguish, emotional and physical distress and great economic harm." Id., 211. The trial court dismissed the complaint because it was barred by the applicable statute of limitations. Id. The plaintiff relying onAmerican Pipe and Crown, supra, argued that the complaint in the former class action kept the claims alive for some thirteen years until the class was denied certification. The plaintiff argued that the defendant received notice sufficient for tolling, for the defendant "should have been placed on `constructive notice' that the plaintiffs had suffered psychological injuries. . . ." Id.
The sole question in Davis was whether the applicable statute of limitations were tolled during the pendency of the previously denied class action. The court in Davis stated that:
 ". . . the 1971 claims were not stated with the requisite specificity for certification of a putative class and the plaintiffs there did nothing to substantiate their individual claims by offering specific allegations of harm suffered by them. Instead, they proceeded on an `across-the-board' theory which they deemed sufficient to permit a named plaintiff who had suffered any injury to represent class members who had suffered completely different kinds of harm."
Id., 212.
The court in Davis held that statute of limitations was not tolled under the principle that limitations are tolled for members of a putative class until certification is denied, because the claims in the former class action did not place the employer on constructive notice that the plaintiffs had suffered psychological injuries. Id. The court in Davis stated "[T]o permit tolling in this instance would inflict upon the defendants the very `prejudice rising from claims for which [they] ha[ve] received no prior notice' which Justice Powell warned in Crown might flow from overly generous application of the rule of American Pipe. Id. (Citations omitted.)
In the present case, the plaintiffs, in their opposition memorandum, argue that the defendant received detailed written notice of the minor plaintiff's injuries and their cause of action as early as September 17, 1982, less than two weeks after she was CT Page 5380 injured. In support of this claim, the plaintiffs filed a copy of a letter sent on September 14, 1982 to the director of the New Haven Housing Authority from Pat McFarland, a social worker with the Department of Pediatrics at Yale New Haven Hospital, which mentioned that the minor plaintiff had been injured on September 7, 1982 and the manner in which she was injured. The plaintiffs maintain that this letter evinces the fact that the defendant considered the minor plaintiff's injuries as part of the class action right up until the plaintiff's were excluded by the 1987 order.
In addition, plaintiffs' attorney stated at oral argument in 1993 that a letter dated April 29, 1987 from Attorney Frank Cochran, who represented the defendant in Connelly, to Attorney Jon Alander, who was the attorney for the plaintiffs in Connelly,
constitutes a claim on behalf of Delores Grimes for personal injury.
However, neither communication referred to by the plaintiffs states that the plaintiffs are going to hold the defendant liable for the minor plaintiff's injuries. Both communications are merely reports and clearly are not notification to the defendant of claims for personal injuries or that personal injury claims by the two plaintiffs were intended to be part of the class action.
There is a serious question as to whether the tolling rule set forth in American Pipe is applicable in Connecticut. See Villegasv. Quality Roofing Co., Inc., 1993 WL 170230 (Super.Ct., Bridgeport, 5/17/93). However, assuming that the doctrine is applicable to Connecticut, the court finds that it is not appropriate to apply that tolling rule to the claims being made in the present case.
In American Pipe the court determined that the initial action did not qualify as a class action. The plaintiff, who was specifically included in the initial action as a member of the purported class, then promptly intervened in the initial action in his individual capacity. Thus the claims which the individual plaintiff would be making were identical to the claims that had been made in the original action. Under those facts, the Court of Appeals and the Supreme Court held that the statute of limitations as to the plaintiff's individual cause of action was tolled while the purported class action was pending, until class certification was denied. CT Page 5381
In the present case, class action in Connelly was granted, but was limited to those persons who resided at any time between November 1, 1981 and March 31, 1982 at the Elm Haven High Rises and who lacked adequate heat and hot water, a time frame which terminated over five months before the plaintiffs were injured. An analysis of the claims in Connelly and the instant case demonstrates that the instant case will involve different evidence and witnesses as compared to the Connelly case.
In Connelly, based on a claim of inadequate heat and hot water, the class sought injunctive relief for (1) the defendant's alleged violations of General Statutes § 47a-7 (a) and the Housing Code of the City of New Haven, (2) injunctive and ancillary relief as provided in General Statutes § 42-110h (CUTPA); and (3) compensatory damages. In the present action, the plaintiffs are seeking damages based on negligence for both personal injuries sustained by the minor plaintiff, and mental distress suffered by the plaintiff Ethel Grimes. Repairs to the heat and hot water system, once begun, were completed by March 31, 1982. Connelly v.Housing Authority, supra, 357 n. 3.
The plaintiffs' claims in this action will involve witnesses and evidence in an effort to prove in the first count that the defendant failed to provide hot water to their apartment on September 4, 1982; that on that date the plaintiff Ethel Grimes attempted to give her children a bath; that because of the inadequate hot water in the apartment it was necessary to heat that water on the stove; that the minor plaintiff was attempting to remove a pot of hot water from the stove to take it to the bathroom when she spilled it on herself causing serious injuries and losses; that the minor's injuries and losses were caused by the negligence of the defendant in not providing adequate hot water; that the accident and injuries were re a foreseeable result of the defendant's negligence; and that the injuries and scarring are permanent, requiring the expenditure of money for medical care and causing the minor to lose time from school. In the second count the plaintiff Ethel Grimes repeats the allegations of the first count and claims on her own behalf that she is entitled to be compensated for her anxiety and distress in seeing her child injured. As noted above, the defendant claims that each plaintiff was contributorily negligent in various ways.
In order for the American Pipe rule to apply, the factual claims being made in this personal injury action must be the same as the claims that were made in the Connelly case. Cullen v.CT Page 5382Margiotte, supra. A comparison of the issues and evidence to be offered in the two cases makes it clear that the causes of action being maintained in this case bear very little resemblance to the issues in the Connelly case.
The class action in Connelly involved claims made as a result of inadequate heat or hot water being provided per the landlord's responsibility. The present case is a personal injury action which will involve issues of negligence and contributory negligence for which the plaintiffs are seeking money damages, not for the class, but for themselves. Since the claim in the present case is for personal injuries not directly related to the class action, and since the class action did not prohibit plaintiffs at any time from filing their own independent action, it is found that the statute of limitations began to run on September 4, 1982, and was not tolled by the Connelly action.
There is no genuine issue of material fact relative to the statute of limitations special defense upon which the motion is based. The two year statute started to run on September 4, 1982, expired on September 5, 1984, and suit was not filed until March 11, 1988. The plaintiffs' claims are barred by the statute of limitations and the defendant is entitled to judgment as a matter of law.
The motion for summary judgment filed on February 19, 1992 (#145) is granted.
Hadden, J.