## CROWN, CORK & SEAL CO., INC. *v.* PARKER

No. 82–118.   Argued April 18, 1983—Decided June 13, 1983

346

BLACKMUN, J., delivered the opinion for a unanimous Court. POWELL, J., filed a concurring opinion, in which REHNQUIST and O'CONNOR, JJ., joined, *post*, p. 354.

*George D. Solter* argued the cause for petitioner. With him on the brief was *Richard J. Magid*.

*Norris C. Ramsey* argued the cause for respondent. With him on the brief were *James L. Foster, William L. Robinson, Beatrice Rosenberg,* and *Norman J. Chachkin*.*

JUSTICE BLACKMUN delivered the opinion of the Court.

The question that confronts us in this case is whether the filing of a class action tolls the applicable statute of limitations, and thus permits all members of the putative class to file individual actions in the event that class certification is

---

*Robert E. Williams, Douglas S. McDowell,* and *Thomas R. Bagby* filed a brief for the Equal Employment Advisory Council as *amicus curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed by *Solicitor General · Lee, Deputy Solicitor General Wallace, David A. Strauss,* and *Phillip B. Sklover* for the Equal Employment Opportunity Commission; and by *James W. Witherspoon* and *James E. Elliott* for Jack Williams et al.

denied, provided, of course, that those actions are instituted within the time that remains on the limitations period.

## I

Respondent Theodore Parker, a Negro male, was discharged from his employment with petitioner Crown, Cork & Seal Company, Inc., in July 1977. In October of that year, he filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been harassed and then discharged on account of his race. On November 9, 1978, the EEOC issued a Determination Letter finding no reasonable cause to believe respondent's discrimination charge was true, and, pursuant to § 706(f) of the Civil Rights Act of 1964 (Act), 78 Stat. 260, as amended, 42 U. S. C. § 2000e–5(f), sent respondent a Notice of Right to Sue. App. 5A, 7A.

Two months earlier, while respondent's charge was pending before the EEOC, two other Negro males formerly employed by petitioner filed a class action in the United States District Court for the District of Maryland. *Pendleton* v. *Crown, Cork & Seal Co.*, Civ. No. M–78–1734. The complaint in that action alleged that petitioner had discriminated against its Negro employees with respect to hiring, discharges, job assignments, promotions, disciplinary actions, and other terms and conditions of employment, in violation of Title VII of the Act, 78 Stat. 253, as amended, 42 U. S. C. § 2000e *et seq.* The named plaintiffs purported to represent a class of "black persons who have been, continue to be and who in the future will be denied equal employment opportunities by defendant on the grounds of race or color." App. to Brief for Petitioner 2a. It is undisputed that respondent was a member of the asserted class.

In May 1979, the named plaintiffs in *Pendleton* moved for class certification. Nearly a year and a half later, on September 4, 1980, the District Court denied that motion. App. to Brief for Petitioner 7a. The court ruled that the named plaintiffs' claims were not typical of those of the class, that

the named plaintiffs would not be adequate representatives, and that the class was not so numerous as to make joinder impracticable. Thereafter, *Pendleton* proceeded as an individual action on behalf of its named plaintiffs.[1]

On October 27, 1980, within 90 days after the denial of class certification but almost two years after receiving his Notice of Right to Sue, respondent filed the present Title VII action in the United States District Court for the District of Maryland, alleging that his discharge was racially motivated. Respondent moved to consolidate his action with the pending *Pendleton* case, but petitioner opposed the motion on the ground that the two cases were at substantially different stages of preparation. The motion to consolidate was denied. The District Court then granted summary judgment for petitioner, ruling that respondent had failed to file his action within 90 days of receiving his Notice of Right to Sue, as required by the Act's § 706(f)(1), 42 U. S. C. § 2000e–5(f)(1). 514 F. Supp. 122 (1981).

The United States Court of Appeals for the Fourth Circuit reversed. 677 F. 2d 391 (1982). Relying on *American Pipe & Constr. Co.* v. *Utah*, 414 U. S. 538 (1974), the Court of Appeals held that the filing of the *Pendleton* class action had tolled Title VII's statute of limitations for all members of the putative class. Because the *Pendleton* suit was instituted before respondent received his Notice, and because respondent had filed his action within 90 days after the denial of class certification, the Court of Appeals concluded that it was timely.

Two other Courts of Appeals have held that the tolling rule of *American Pipe* applies only to putative class members who seek to intervene after denial of class certification, and not

---

[1] The named plaintiffs in *Pendleton* later settled their claims, and their action was dismissed with prejudice. Respondent Parker, as permitted by *United Airlines, Inc.* v. *McDonald*, 432 U. S. 385, 392–395 (1977), then intervened in that lawsuit for the limited purpose of appealing the denial of class certification. He failed, however, to take a timely appeal.

to those who, like respondent, file individual actions.[2]   We granted certiorari to resolve the conflict.   459 U. S. 986 (1982).

## II

## A

*American Pipe* was a federal antitrust suit brought by the State of Utah on behalf of itself and a class of other public bodies and agencies.   The suit was filed with only 11 days left to run on the applicable statute of limitations.   The District Court eventually ruled that the suit could not proceed as a class action, and eight days after this ruling a number of putative class members moved to intervene.   This Court ruled that the motions to intervene were not time-barred.   The Court reasoned that unless the filing of a class action tolled the statute of limitations, potential class members would be induced to file motions to intervene or to join in order to protect themselves against the possibility that certification would be denied.   414 U. S., at 553.   The principal purposes of the class-action procedure—promotion of efficiency and economy of litigation—would thereby be frustrated.   *Ibid.* To protect the policies behind the class-action procedure, the Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."   *Id.*, at 554.

Petitioner asserts that the rule of *American Pipe* was limited to intervenors, and does not toll the statute of limitations for class members who file actions of their own.[3]   Petitioner

---

[2] See *Pavlak* v. *Church*, 681 F. 2d 617 (CA9 1982), cert. pending, No. 82–650; *Stull* v. *Bayard*, 561 F. 2d 429, 433 (CA2 1977), cert. denied, 434 U. S. 1035 (1978); *Arneil* v. *Ramsey*, 550 F. 2d 774, 783 (CA2 1977).

[3] Petitioner also argues that *American Pipe* does not apply in Title VII actions, because the time limit contained in § 706(f)(1), 42 U. S. C. § 2000e–5(f)(1), is jurisdictional and may not be tolled.   This argument is foreclosed by the Court's decisions in *Zipes* v. *Trans World Airlines, Inc.*, 455 U. S. 385, 398 (1982), and *Mohasco Corp.* v. *Silver*, 447 U. S. 807, 811, and n. 9 (1980).

relies on the Court's statement in *American Pipe* that "the commencement of the original class suit tolls the running of the statute for all purported members of the class *who make timely motions to intervene* after the court has found the suit inappropriate for class action status." *Id.*, at 553 (emphasis added). While *American Pipe* concerned only intervenors, we conclude that the holding of that case is not to be read so narrowly. The filing of a class action tolls the statute of limitations "as to all asserted members of the class," *id.*, at 554, not just as to intervenors.

The *American Pipe* Court recognized that unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights. Only by intervening or taking other action prior to the running of the statute of limitations would they be able to ensure that their rights would not be lost in the event that class certification was denied. Much the same inefficiencies would ensue if *American Pipe*'s tolling rule were limited to permitting putative class members to intervene after the denial of class certification. There are many reasons why a class member, after the denial of class certification, might prefer to bring an individual suit rather than intervene. The forum in which the class action is pending might be an inconvenient one, for example, or the class member might not wish to share control over the litigation with other plaintiffs once the economies of a class action were no longer available. Moreover, permission to intervene might be refused for reasons wholly unrelated to the merits of the claim.[4] A putative class member who fears that class

---

[4] Putative class members frequently are not entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), and permissive intervention under Federal Rule of Civil Procedure 24(b) may be denied in the discretion of the District Court. *American Pipe*, 414 U. S., at 559–560; *id.*, at 562 (concurring opinion); see *Railroad Trainmen* v. *Baltimore & Ohio R. Co.*, 331 U. S. 519, 524–525 (1947). In exercising its discretion the district court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," Fed. Rule

certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid.

## B

Failure to apply *American Pipe* to class members filing separate actions also would be inconsistent with the Court's reliance on *American Pipe* in *Eisen* v. *Carlisle & Jacquelin*, 417 U. S. 156 (1974). In *Eisen*, the Court held that Rule 23(c)(2) required individual notice to absent class members, so that each class member could decide whether to "opt out" of the class and thereby preserve his right to pursue his own lawsuit. 417 U. S., at 176. The named plaintiff in *Eisen* argued that such notice would be fruitless because the statute of limitations had long since run on the claims of absent class members. This argument, said the Court, was "disposed of by our recent decision in *American Pipe* . . . which established that commencement of a class action tolls the applicable statute of limitations as to all members of the class." *Id.*, at 176, n. 13.

If *American Pipe*'s tolling rule applies only to intervenors, this reference to *American Pipe* is misplaced and makes no sense. *Eisen*'s notice requirement was intended to inform the class member that he could "preserve his opportunity to press his claim *separately*" by opting out of the class. 417 U. S., at 176 (emphasis added). But a class member would be unable to "press his claim separately" if the limitations period had expired while the class action was pending. The *Eisen* Court recognized this difficulty, but concluded that the right to opt out and press a separate claim remained mean-

---

Civ. Proc. 24(b), and a court could conclude that undue delay or prejudice would result if many class members were brought in as plaintiffs upon the denial of class certification. Thus, permissive intervention well may be an uncertain prospect for members of a proposed class.

ingful because the filing of the class action tolled the statute of limitations under the rule of *American Pipe*. 417 U. S., at 176, n. 13. If *American Pipe* were limited to intervenors, it would not serve the purpose assigned to it by *Eisen;* no class member would opt out simply to intervene. Thus, the *Eisen* Court necessarily read *American Pipe* as we read it today, to apply to class members who choose to file separate suits.[5]

## C

The Court noted in *American Pipe* that a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations. 414 U. S., at 554. Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, see *Delaware State College* v. *Ricks*, 449 U. S. 250, 256–257 (1980); *American Pipe*, 414 U. S., at 561 (concurring opinion); *Burnett* v. *New York Central R. Co.*, 380 U. S. 424, 428 (1965), but these ends are met when a class action is commenced. Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members

---

[5] Several Members of the Court have indicated that *American Pipe*'s tolling rule can apply to class members who file individual suits, as well as to those who seek to intervene. See *Johnson* v. *Railway Express Agency, Inc.*, 421 U. S. 454, 474–475 (1975) (MARSHALL, J., joined by Douglas and BRENNAN, JJ., concurring in part and dissenting in part) ("In *American Pipe* we held that initiation of a timely class action tolled the running of the limitation period as to individual members of the class, enabling them to institute separate actions after the District Court found class action an inappropriate mechanism for the litigation"); *United Airlines, Inc.* v. *McDonald*, 432 U. S., at 402 (POWELL, J., joined by BURGER, C. J., and WHITE, J., dissenting) ("Under *American Pipe*, the filing of a class action complaint tolls the statute of limitations until the District Court makes a decision regarding class status. If class status is denied, . . . the statute of limitations begins to run again as to class members excluded from the class. In order to protect their rights, such individuals must seek to intervene in the individual action (or possibly file an action of their own) before the time remaining in the limitations period expires").

to rely on the named plaintiffs to press their claims. And a class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *American Pipe*, 414 U. S., at 555; see *United Airlines, Inc.* v. *McDonald*, 432 U. S. 385, 395 (1977). The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification.

Restricting the rule of *American Pipe* to intervenors might reduce the number of individual lawsuits filed against a particular defendant but, as discussed above, this decrease in litigation would be counterbalanced by an increase in protective filings in all class actions. Moreover, although a defendant may prefer not to defend against multiple actions in multiple forums once a class has been decertified, this is not an interest that statutes of limitations are designed to protect. Cf. *Goldlawr, Inc.* v. *Heiman*, 369 U. S. 463, 467 (1962). Other avenues exist by which the burdens of multiple lawsuits may be avoided; the defendant may seek consolidation in appropriate cases, see Fed. Rule Civ. Proc. 42(a); 28 U. S. C. § 1404 (change of venue), and multidistrict proceedings may be available if suits have been brought in different jurisdictions, see 28 U. S. C. § 1407.[6]

### III

We conclude, as did the Court in *American Pipe*, that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to con-

---

[6] Petitioner's complaints about the burden of defending multiple suits ring particularly hollow in this case, since petitioner opposed respondent's efforts to consolidate his action with *Pendleton*.

tinue as a class action." 414 U. S., at 554. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

In this case, respondent clearly would have been a party in *Pendleton* if that suit had been permitted to continue as a class action. The filing of the *Pendleton* action thus tolled the statute of limitations for respondent and other members of the *Pendleton* class. Since respondent did not receive his Notice of Right to Sue until after the *Pendleton* action was filed, he retained a full 90 days in which to bring suit after class certification was denied. Respondent's suit was thus timely filed.

The judgment of the Court of Appeals is

*Affirmed.*

JUSTICE POWELL, with whom JUSTICE REHNQUIST and JUSTICE O'CONNOR join, concurring.

I join the Court's opinion. It seems important to reiterate the view expressed by JUSTICE BLACKMUN in *American Pipe & Constr. Co.* v. *Utah,* 414 U. S. 538 (1974). He wrote that our decision "must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights." *Id.,* at 561 (concurring opinion). The tolling rule of *American Pipe* is a generous one, inviting abuse. It preserves for class members a range of options pending a decision on class certification. The rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status.

In *American Pipe* we noted that a class suit "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who participate in the judgment.

Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation." *Id.*, at 555. When thus notified, the defendant normally is not prejudiced by tolling of the statute of limitations. It is important to make certain, however, that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit. As JUSTICE BLACKMUN noted, a district court should deny intervention under Rule 24(b) to "preserve a defendant whole against prejudice arising from claims for which he has received no prior notice." *Id.*, at 562 (concurring opinion). Similarly, when a plaintiff invokes *American Pipe* in support of a separate lawsuit, the district court should take care to ensure that the suit raises claims that "concern the same evidence, memories, and witnesses as the subject matter of the original class suit," so that "the defendant will not be prejudiced." *Ibid.* Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations.

In this case, it is undisputed that the *Pendleton* class suit notified petitioner of respondent's claims. The statute of limitations therefore was tolled under *American Pipe* as to those claims.