**COUNTY OF SUFFOLK, a municipal corporation, Robert Alcorn, Christopher S. George, Fred Harrison, Peter Maniscalco, William P. Quinn, and Custom Extruders, Inc., Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY, Stone & Webster Engineering Company, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.**

### No. 87–CV–646 (JBW).

United States District Court, E.D. New York.

Sept. 6, 1988.

Filed April 14, 1989.

Hill, Betts & Nash by Bernard Persky, Kenneth F. McCallion, Gregory W. O'Neill, James W. Johnson and Lawrence P. Kolker, New York City, E. Thomas Boyle, County Atty. of Suffolk County, Hauppauge, N.Y., and Laura Sager, Sp. Counsel, New York City, for plaintiff Suffolk County.

Shea & Gould by Michael Lesch, Ronald H. Alenstein and John G. Nicolich, New York City, for individual defendants.

Susan E. Silverman, Hicksville, N.Y., for defendant Long Island Lighting Co.

Mudge Rose Guthrie Alexander & Ferdon by Laurence V. Senn, Jr. and Judith A. Lockhart, New York City, for defendant Stone & Webster Engineering.

## MEMORANDUM

WEINSTEIN, District Judge:

Plaintiffs move for certification of a class in this RICO suit. See this court's memorandum and order of May 18, 1988, outlining the allegations. *Suffolk County v. Long Island Lighting Co.*, 685 F.Supp. 38 (E.D.N.Y.1988). The court plans to issue a memorandum and order denying certification for the reasons stated orally on

the record at full argument on September 2, 1988. It now notifies the parties of its intention so that they can prepare for the impending trial without the distraction of the class action issue.

 This litigation is being pressed by, and all litigation costs are being paid by, the County of Suffolk. The County has interests which may differ considerably from those of members of the class. The County's interests include its potential liability for hundreds of millions of dollars of tax refunds claimed by the Long Island Lighting Company (LILCO), the County's stated policy to close and demolish the Shoreham Nuclear reactor, other pending litigations to which both the County and LILCO are parties, and a complex political dispute involving the Governor and New York Legislature. The County cannot serve as a proper class representative here because its supervision of this lawsuit may be driven by its other dealings with LILCO.

The individual plaintiffs cannot represent the class since their substantial legal costs have been paid by the County. Their counsel might well have a conflict of interest between the putative class and the entity paying legal fees—Suffolk County.

Representation of the class requires particularly delicate judgments. Subclasses may be necessary. There may be conflicts between prior ratepayers and new customers of LILCO. The former may receive substantial recoveries at the possible expense of the latter.

The motion for class certification must be denied on the ground that "the representative parties" will not "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This decision does not preclude a new class action by appropriate parties. That action will not be permitted to interfere with a prompt resolution of the pending action.

The court makes no ruling on the possible res judicata or collateral estoppel effect of this litigation on any possible new class action. Nor does it decide on the tolling effect of a denial of certification. *See American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Crown, Cork & Seal*

*Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). The limiting doctrine of *Korwek v. Hunt*, 827 F.2d 874 (2d Cir.1987), *cert. denied sub nom. Gordon v. Hunt*, —— U.S. ——, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988), is not necessarily in point since denial of certification in the present action requires no finding on the substantive or procedural basis for any future class action.

This memorandum does not constitute an order for purposes of ending any tolling of the statute of limitations or for any other purpose. It is issued in aid of the pending litigation.

SO ORDERED.