**ADAMS PUBLIC SCHOOL DISTRICT, Plaintiff–Appellant,**

v.

**ASBESTOS CORPORATION, LTD., a foreign corporation; Atlas Turner, formerly known as Atlas Asbestos, Inc., a foreign corporation; H.K. Porter Company, formerly known as Pacific Asbestos Corporation, Company, Inc., a foreign corporation; North American Asbestos Control Corp., a wholly owned subsidiary of Cape Industries, London; Union Carbide Corporation, a foreign corporation; United States Gypsum Company, a Delaware corporation, Defendants–Appellees.**

No. 92–3276.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Oct. 13, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 22, 1993.

David Thompson, Fargo, ND, for appellant.

Raymond Cullen, Philadelphia, PA (argued), Dennis J. Valenza, Kevin M. Ddonovan and Wickham Corwin (on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Adams Public School District appeals from a summary judgment holding its claims against Asbestos Corporation, Ltd. and six other asbestos companies are time-barred. The school district argues that the district court erred in applying the statute of limitations because the school district's participation in a national school district class action tolled its claims. We reverse and remand for further proceedings.

In the early 1960s, asbestos products were applied to walls and ceilings in the school district's buildings. In 1980, the United States Environmental Protection Agency investigated the presence of asbestos in the nation's schools, and ultimately promulgated regulations pursuant to the Toxic Substances Control Act, 15 U.S.C. §§ 2601–2629 (Supp. III 1991), requiring every public and private school in the country to test for the presence of asbestos. *See* 40 C.F.R. § 763.100 (1983). After Congress enacted the Asbestos School Hazard Detection and Control Act of 1980, 20 U.S.C. §§ 3601–3611 (Supp. III 1991), the United States Attorney General issued a report mandating abatement of the asbestos problem, and holding the asbestos industry responsible.

In an effort to recoup abatement costs, a class action on behalf of all school districts in the nation began in the United States District Court for the Eastern District of Pennsylvania in 1983. The suit named members of the asbestos industry, including several companies involved in this case, as defendants.

The Adams Public School District became aware that there was asbestos in its main school building when it received a laboratory report on May 27, 1983. The school district opted out of the national school class action on November 24, 1987. In late 1990, the school district filed this action in state court and it was removed to federal court on November 28, 1990. The asbestos companies filed a summary judgment motion arguing that North Dakota's six-year statute of limitations barred the school district's claims. *See* N.D.Cent.Code § 28–01–16 (1991).

The district court held that, under North Dakota law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff discovers facts that would place a reasonable person on notice that a potential claim exists. The district court found that the school district became aware of its asbestos problem in 1983, and thus, the statute of

limitations began to run at that time. The court then rejected any argument that the statute of limitations should have been tolled while the school district was involved in the national class action. The court relied on language from *American Pipe & Construction Company v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974), stating that it is unjust not to put the adversary on notice to defend within the period of the limitation. The district court then held that, despite the school district's participation in the class action, the asbestos companies were not put on notice of the claim within the prescribed six year period of limitation, and that the statute of limitations was not tolled during the pendency of the class action. Accordingly, the court then granted the defendants' motion for summary judgment.

On appeal, the school district argues that the district court erred in refusing to toll the running of the six-year statute of limitations for the period between January 17, 1983 and November 24, 1987, when the school district opted out of the national class action.

This case presents the novel question of how the *American Pipe* doctrine applies in diversity cases when the applicable state law does not provide for tolling. In *American Pipe*, the Court identified a strong federal interest in ensuring "the efficiency and economy of the class-action procedure." *Chardon v. Fumero Soto*, 462 U.S. 650, 661, 103 S.Ct. 2611, 2618, 77 L.Ed.2d 74 (1983). The Court concluded that tolling the applicable statute of limitations during the course of a party's participation[1] in a federal class action would prevent the "needless duplication of motions" and protective filings by parties seeking to preserve their rights during the pendency of the class action. *American Pipe*, 414 U.S. at 553–54, 94 S.Ct. at 766. The *American Pipe* rule is consistent with the purpose of statutes of limitation, which is to guarantee defendants fair and timely notice of "the substantive claims being brought against them" and "the number and generic identities of the potential plaintiffs." *Id.* at 555, 94 S.Ct. at

---

1. The fact that this participation ended with a decision to "opt out" rather than with denial of class certification is irrelevant to the applicability of the *American Pipe* rule. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351, 103 S.Ct.

2392, 2396, 76 L.Ed.2d 628 (1983) (discussing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 2152 n. 13, 40 L.Ed.2d 732 (1974)).

767. When the federal courts look to state law for the statute of limitations, the federal interest in procedural efficiency:

is vindicated as long as each unnamed plaintiff is given as much time to intervene or file a separate action as he would have under a state savings statute applicable to a party whose action has been dismissed for reasons unrelated to the merits, or, in the absence of a statute, the time provided under the most closely analogous state tolling statute.

*Chardon,* 462 U.S. at 661, 103 S.Ct. at 2618 (footnote omitted).

North Dakota has no general savings statute, nor have North Dakota courts engaged in common-law "equitable tolling." *See Burr v. Trinity Medical Ctr.,* 492 N.W.2d 904, 907–08 (N.D.1992). The situation here is unlike that in *Chardon,* where application of the state tolling rules adequately protected the federal interest. *See Chardon,* 462 U.S. at 661, 103 S.Ct. at 2618. The school district argues that the federal interest will go entirely unprotected without tolling, and therefore, this justifies "federal common-law tolling" in the absence of such state law protection. The asbestos companies argue that our diversity jurisdiction obliges us to apply North Dakota law regardless of the lack of tolling rules, and that *American Pipe* and its progeny do not authorize independent federal tolling in excess of that provided by relevant state law.

Balancing a federal procedural interest with a state statute is complex and involves issues not argued in this appeal. *See, e.g., Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). We need not undertake such a delicate task, however, because the relevant North Dakota law has changed since the beginning of this appeal. On May 5, 1993, the Governor of North Dakota signed Senate Bill No. 2542 which extends until August 1, 1997, the period during which claims arising from the presence of asbestos in public buildings may be brought. *See* 1993 N.D.Laws 323 (to be codified in N.D.Cent.Code § 28–01). The new law specifically provides that "[a]ny such action which would otherwise be barred before August 1, 1997, as a result of expiration of the applicable period of limitation, is revived or extended." *Id.* at § 2. This new statute is clear evidence of the North Dakota legislature's intent that the six-year statute of limitations not bar asbestos claims like the school district's. We can, therefore, serve both the federal and state interests by applying the *American Pipe* rule so the present claim is not barred. We do not imply that, absent this new statute, the *American Pipe* doctrine would not justify tolling in these circumstances. Indeed, we view the federal interest here as sufficiently strong to justify tolling in a diversity case when the state law provides no relief.

Although North Dakota did not choose tolling as the means for accomplishing its goal of extending the life of public building asbestos claims, tolling will efficiently realize that goal in this particular case. We conclude that, under North Dakota law, the interest embodied in this statute outweighs the reluctance of North Dakota common-law to engage in equitable tolling.

We recognize that the enactment of this statute may render moot the statute of limitation questions presented in this case, but exploring the precise application of the statute is beyond the scope of this appeal. Nevertheless, we resolve the statute of limitations questions so the present suit may continue, if possible, without being revived in a separate filing.

Finally, the parties could not inform us at oral argument, nor does the record conclusively demonstrate, that all of the current defendants were also defendants in the national school class action. The district court should explore this issue. Obviously, those parties that were not also defendants in the class action never received notice of the potential claims, and thus the reasoning in *American Pipe* does not support tolling the statute with regard to claims against them. However, the new North Dakota statute would apply to such claims.

Therefore, we reverse the district court's order granting summary judgment for the defendants and remand for proceedings consistent with this opinion.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

I believe that 1993 N.D.Laws 323 completely disposes of this appeal. I would therefore reverse without reaching the equitable tolling principles discussed and relied on by the court.