**MUNICIPAL AUTHORITY OF WESTMORELAND COUNTY, Appellant,**

v.

**Annette MOFFAT and City of McKeesport.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1995.

Decided Jan. 24, 1996.

---

**6.** Based on our disposition of this case, we need   not address DOT's final issue.

Frederick N. Egler, Jr., for Appellant.

Charles A. Frankovic, for Appellee, Annette Moffat.

Before McGINLEY and PELLEGRINI, JJ., and RODGERS, Senior Judge.

McGINLEY, Judge.

The Municipal Authority of Westmoreland County (Authority) appeals from an order of the Court of Common Pleas of Allegheny County (common pleas court) which denied the Authority's motion for summary judgment, found that its order involved a controlling question of law as to which there is a substantial ground for difference of opinion and, accordingly, permitted an immediate appeal to this Court. By order dated May 19, 1995, this Court (per Senior Judge Keller) limited the appeal to the following issue: Does the pendency of a mass tort class action, for which certification was ultimately denied, toll the applicable two year statute of limitations on a plaintiff's personal injury claim when that plaintiff did not file suit until eleven years after the personal injury allegedly occurred?

On January 18, 1994, Annette Moffat (Moffat) filed a complaint with the common pleas court alleging that she contracted giardiasis in December of 1983, and suffered personal injuries due to a contaminated municipal water supply.

Beginning on March 9, 1984, class action complaints were filed with the common pleas court. In an opinion and order dated December 2, 1992, the common pleas court denied certification of this class of personal injury claimants, reasoning that due to the nature of proof required to show that giardiasis was acquired from the water supply, required common issues were lacking among the proposed class.

On December 27, 1994, the Authority filed a motion for summary judgment asserting that the two year statute of limitations for personal injury claims had not tolled. The Authority's motion was denied by the common pleas court in an order dated March 15, 1995. Following the Authority's motion to amend the order, which was granted by the common pleas court (an amended order was issued on April 5, 1995), the Authority brought this interlocutory appeal.

■ A motion for summary judgment may be granted only when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Further, our scope of review when reviewing an order denying summary judgment is limited to determining whether the lower court committed an error of law or abused its discretion. *Altoona Area School District v. Campbell*, 152 Pa.Cmwlth. 131, 618 A.2d 1129 (1992), *petition for allowance of appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993).

In its opinion, the common pleas court cited *American Pipe & Construction Co., et. al. v. Utah, et. al.*, 414 U.S. 538, 552–553, 94 S.Ct. 756, 765–766, 38 L.Ed.2d 713 (1974), for the proposition that, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." The Authority asserts that *American Pipe* is distinguishable because in that case the class action was denied due to the impracticability of joining all the members, whereas the present case involves the denial of a class action due to lack of commonality. The common pleas court noted this fact and found the Court of Appeals of California, Fourth District's case of *Becker, et. al. v. McMillin Construction Company*, 226 Cal.App.3d 1493, 277 Cal. Rptr. 491 (1991) persuasive.

In *Becker,* the California Court of Appeals was confronted with a case in which a class action was denied due to lack of commonality. The court found, based on *American Pipe,* that the pendency of the class action served to toll the statute of limitations and that Becker's individual claim, brought after the class action was denied, was timely. In reaching this conclusion, the court noted the California Supreme Court's presumption that lack of commonality will defeat certification and preclude application of the *American Pipe* tolling doctrine in personal injury mass tort cases because causation and damage variables (i.e., plaintiff's medical histories and injuries) make a finding of commonality impossible.

The court, however, noted that this presumption was not conclusive and placed more emphasis on whether the defendant was adequately notified of the identity and number of potential plaintiffs by the commencement of the class action and concluded that it was.

In *Cunningham v. Insurance Company of North America,* 515 Pa. 486, 530 A.2d 407 (1987), our Pennsylvania Supreme Court confronted this issue where a class action was denied because the representative plaintiff lacked standing. The Court, also relying on *American Pipe* as well as *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), a case which followed *American Pipe,* placed importance on the issue of whether adequate notice was given with the commencement of the class action. The Supreme Court noted:

> As stated in *Crown, Cork & Seal Co.,* 462 U.S. at 352, 103 S.Ct. at 2397, 76 L.Ed.2d at 635, 'Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights....' When a complaint is filed by one who, upon the face of the pleadings, is patently without standing, it cannot be said that the defendant has been given notice of an *actual* adverse claim; rather, the defendant has been advised only of the possibility of such a claim, a fact of which the defendant may well have been aware even in the absence of a complaint having been filed.

*Cunningham,* 515 Pa. at 494, 530 A.2d at 411, (emphasis in original). The Court held that where it is determined that a class representative lacks standing the statute of limitations is not tolled because sufficient notice is not given of an actual adverse claim.

 Due to the emphasis placed on notice by our Pennsylvania Supreme Court in *Cunningham,* we find that the reasoning in *Becker* is persuasive. Here, there is no dispute that Moffatt has standing and the Authority was put on adequate notice of the identity and number of potential plaintiffs. Accordingly, we conclude that the statute of limitations tolled during the pendency of the class action and the common pleas court did not err.

We affirm.

### *ORDER*

AND NOW, to wit, this 24th day of January, 1996, the order of the Court of Common Pleas of Allegheny County at No. 94–00830, and dated April 5, 1995, is affirmed and this matter is remanded to the common pleas court for further proceedings.

Jurisdiction relinquished.