Brett L. **BAYLES**, Michael P. Frey, Jeralyn Johansen, Steven J. Nelson, Jeffrey S. Turner, James Reynolds, Steve Dunn, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**AMERICAN MEDICAL RESPONSE OF COLORADO, INC., a Delaware corporation, Defendant.**

Civil Action No. 94–B–2300.

United States District Court, D. Colorado.

March 31, 1997.

Donna Dell'Olio, Cornish and Dell'Olio, Colorado Springs, CO, for plaintiffs.

John R. Webb, Holme, Roberts & Owen, L.L.P., Denver, CO, for defendant.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

At a hearing on February 28, 1997, plaintiffs raised the issue whether my order of December 31, 1996, *Bayles v. American Medical Response,* 950 F.Supp. 1053 (D.Colo. 1996), decertifying the conditionally certified class of plaintiffs effected an automatic dismissal of those class members from the case. I agreed to reconsider the effect of that order and directed each party to submit a brief on the issue. After review of those briefs and for the following reasons, I conclude that my December 31.1996. order effected dismissal of all class members who are not named plaintiffs and did not work as dispatchers.

On February 9, 1995. I conditionally certified this case to proceed as a collective action under 29 U.S.C. § 216(b) (Supp. 1996) for the purpose of allowing plaintiffs to send notice to other potential plaintiffs. Approximately seventy people filed consent forms to join the conditionally certified class under section 216(b). On October 31, 1995, AMR moved to decertify the case. I decided that various issues framed by the parties' pending motions for summary judgment needed to be resolved before I could properly address AMR's decertification motion. On September 4, 1996, I decided all pending summary judgment motions. *Bayles v. American Medical Response,* 937 F.Supp. 1477, *modified by* 950 F.Supp. 1053 (D.Colo.1996). On December 31, 1996, after AMR renewed its motion for decertification, I ordered that "Defendant's motion to decertify is GRANTED, except to the extent that those plaintiffs who worked as dispatchers may proceed collectively on their mealtime claims." 950 F.Supp. at 1068.

Plaintiffs now contend that my order granting, in part, AMR's motion to decertify did not automatically dismiss anyone. Rather, plaintiffs argue that a motion to dismiss and an order granting such motion is required before class members may be dismissed from the case. I disagree.

The caption of this case has remained unchanged since its filing. The plaintiffs comprise seven individuals and "others similarly situated." My order of February 9, 1995, conditionally defined "others similarly situated" for the purpose of sending notice. That definition, which was purposefully broad given the infancy of the case, included ambulance drivers, ambulance attendants, cabulance drivers, cabulance attendants, and dispatchers who had worked for AMR during a specified period. From that group, a number of persons filed consents with the court to opt into the conditionally certified class.

My order of December 31, 1996. altered the definition of "others similarly situated" to include only dispatchers. Therefore, the only plaintiffs in this action are the named plaintiffs and the dispatchers, who now comprise all the persons covered by "others similarly situated." No formal motion for or order of dismissal is necessary because my order of December 31, 1996, could mean nothing else but that all of the persons who opted into the case, except the dispatchers,

were no longer part of the case. I fail to see how such persons could remain in the case in any capacity if not included among those "similarly situated" to the named plaintiffs. *See also Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1214 (5th Cir.1995) (stating that if, after conditional certification of a § 216(b) class, it is determined that "the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.").

By analogy, I am further guided by cases involving class actions under Fed.R.Civ.P. 23. In *American Pipe Constr. Co. v. Utah,* 414 U.S. 538, 561, 94 S.Ct. 756, 770, 38 L.Ed.2d 713 (1974) and *Crown, Cork & Seal, Inc. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397–98, 76 L.Ed.2d 628 (1983), the Supreme Court stated that the statute of limitations for the claims of all putative class members is tolled only until class certification is denied. This implies that the denial of class certification itself ends the participation in the case of persons other than the named plaintiffs.

Plaintiffs argue that such Rule 23 cases can be distinguished because putative class members in a Rule 23 class action are not parties, but the members of a conditionally certified § 216(b) class are parties. Specifically, plaintiffs argue that unlike absent Rule 23 class members, members of the conditionally certified § 216(b) class have been treated like parties; they have been individually deposed, required to attend settlement conferences, and required to respond to individual discovery requests. I am not persuaded. Whatever the technical status of those opting into the conditionally certified § 216(b) class, it was clear at the time of my December 31, 1996, order that only the dispatchers remained in the class and that all other opt-in plaintiffs were dismissed. Again, the only basis for the opt-in plaintiffs' participation was the definition of "similarly situated" in the context of this case. When I amended that definition to exclude all but the dispatchers, other opt-ins had no remaining predicate for continued participation.

To the extent plaintiffs argue that my order of decertification did not constitute sufficient notice of dismissal, I remain unpersuaded. Indeed, the notice requirement is a valid distinction between a Rule 23 class action and a § 216(b) collective action. Rule 23(e) requires notice by the court to putative class members when a class action is to be dismissed or compromised. No similar provision is found in § 216(b). Nor is notice by the court to each individual opt-in plaintiff necessary. By plaintiffs' own admission, each opt-in class member was intimately involved in this case, and each was represented by the same attorney. Plaintiffs' attorney was given prompt notice of my December 31, 1996, order and should have known of its import.

Accordingly, it is ORDERED that:

1. Pursuant to my December 31, 1996, Memorandum Opinion & Order, all opt-in plaintiffs who did not work for AMR as dispatchers were dismissed from the case on that date.