**Artemis COFFIN, et al., Plaintiffs,**

v.

**BOWATER INCORPORATED, et al., Defendants.**

**No. CIV.A.03–227–P–C.**

United States District Court, D. Maine.

Nov. 23, 2004.

---

Abigail Carter, Leon Dayan, Douglas L. Greenfield, Bredhoff & Kaiser, P.L.L.C., Washington, DC, Jonathan S.R. Beal, Law Office of Jonathan S.R. Beal, Portland, ME, Rufus E. Brown, Brown & Burke, Portland, ME, Diane A. Khiel, Law Office of Diane A. Khiel, Orono, ME, for Plaintiffs.

Reginald R. Goeke, Richard J. Favretto, Robert P. Davis, Mayer, Brown, Rowe & Maw, Washington, DC, Eric J. Uhl, Richard G. Moon, Moon, Moss, McGill, & Shapiro, P.A., Portland, ME, for Defendants.

## ORDER DENYING THE PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P.R. 23(d) REQUESTING AN ORDER REGARDING THE CONDUCT OF THIS ACTION

GENE CARTER, Senior District Judge.

Before the Court is Plaintiffs' Motion pursuant to Fed.R.Civ.P. 23(d) Requesting an Order Regarding the Conduct of this Action (Docket Item No. 42). Defendants have responded thereto (Docket Item No. 49), and Plaintiffs have replied to the Response (Docket Item No. 52). Plaintiffs' Motion presents for the third time the position that the "approximately 638 retirees who are not named plaintiffs in this *putative* class action do not need to pursue or exhaust their internal ERISA plan remedies as long as the named Plaintiffs do so." Order Denying Plaintiffs' Motion for Clarification of the Court's July 29, 2004 Order (Docket Item No. 35) (emphasis added).

### I.

First, let it be said that the procedural basis for this application for relief is shaky at best and non-existent at worst. Fed.R.Civ. P.R. 23(d) reads as follows:

(d) **Orders in Conduct of Actions.** In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any

step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on the intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

■ The Rule is intended to afford the Court the opportunity to systemize the *procedural* course of the case *as it exists at any time on the Court's docket* in the interest of judicial economy and efficiency on the premise that frequently class actions present complex issues of *notice* and *procedure.* The Rule is not intended to be used to revisit decisions the Court has made on the merits of substantive questions at issue in the case (such as the applicability of contract-based exhaustion of administrative remedies by non-parties in ERISA contract claims) or to reach out subliminally to touch and alter the rights and relationships between non-parties and parties to the case in respect to issues that exist between them that are not yet ripe to be addressed by litigation in court (such as the tolling of contractually imposed limitations periods affecting administrative remedies; or whether non-parties who have not exhausted their remedies should have the benefit of a judicially created "vicarious exhaustion" rule relieving them of the burdens of contractual requirements in respect to exhaustion of remedies). These kinds of judicial relief reach far beyond the intendment and purpose of the Rule, nor is the Rule intended to provide an opportunity for zealous counsel to once again seek a relief it has repeatedly been denied in the course of the litigation of the case.

## II.

■ This Court has repeatedly indicated its decision on the issue of whether these non-parties, allegedly putative class members, must exhaust their contractually-based administrative remedies before partaking of the potential benefits of this litigation.[1] It first granted Defendants' Motion to Dismiss (Docket Item No. 14) as to these individuals in its Order of July 29, 2004 (Docket Item No. 27) because it found that Plaintiff had not carried its burden of proving that assertion of the administrative remedies would be futile. In its Order of August 26, 2004 (Docket Item No. 35) it turned down Plaintiffs' request, as premature, that the Court excuse these individuals from the exhaustion requirement. In its Order of September 13, 2004 (Docket Item No. 39) the Court restated its ruling that the exhaustion requirement was applicable to the claims of these individuals.

Now the same question is posed once again: Whether these 638 individuals should be absolved of the burden that they exhaust their contractually based administrative remedies before participating in, or benefiting from, this case. Here, the Plaintiffs' plea is cloaked in arguments based on tolling rules and application of a theory of "vicarious exhaustion." Nothing is different except the changed theoretical nuance of the effort to defeat these exhaustion requirements. *The facts* remain precisely the same as when the Court previously ruled on the issue.

The issue has overly burdened the parties and the Court in the pursuit of this litigation. Let it be now put to rest *definitively,* at this judicial level; the claims of the 638 non-party individuals dismissed from this action by the Court's Order Granting Defendants' Motion to Dismiss and those of all other persons similarly situated will not be entertained in this case, if at all, unless and until the persons holding those claims have exhausted, *inter alia,* any contractually-based administrative remedies attached to those claims,

---

1. The Court acknowledges that it left one aspect of this issue outstanding by its footnote 2 in the Order Granting Defendant's Motion to Dismiss (Docket Item No. 27). After the extensive subsequent advocacy and briefing on the general issue the Court is now in a position to resolve that issue.

and the Court will not take any action to effect the exhaustion process or status of the claims of these individuals. The Court intends that to be the "law of the case."

The application of any "vicarious exhaustion" rule to those claims is inappropriate in view of the obvious fact that such application would substantially modify and alter the contractual relationships of the parties to those claims. The Court has no authority under Rule 23(d), or otherwise, to take such action, and in any event, such action is wholly unwarranted at this time on the merits of the case.

The Court has found no authority that would permit the application of a tolling rule to an ERISA claim for benefits in these circumstances and is not persuaded that such tolling is warranted simply on the basis of the pendency of this potential class action case by individuals *who allege that they have exhausted their administrative remedies.* The holders of the claims to which the bar would apply are not parties to this action. No class of plaintiffs have yet been certified in this case so it cannot be said with any assurance that any of these individuals will, in fact, ultimately become directly entitled to the benefits of this litigation. Also, there is no showing that in the details and circumstances of the remedy or benefit to be ultimately sought on these individual claims there is any semblance of similarity. *See Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 355, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (Powell, J., concurring). For the Court to become enmeshed in the exhaustion issue in respect to these claims at this stage would potentially contravene the very purpose and most fundamental predicates for the class certification rule and process.

Finally, the Court is persuaded that further delay in exhaustion of remedies on these claims will not benefit the claimants ultimately and that it may very well prejudice the Defendants in the exercise of their contractual rights on those claims, nor will such delay occasion any judicial efficiency or economy in the ongoing progress of this litigation.

Accordingly, it is **ORDERED** that Plaintiffs' Motion, pursuant to Fed.R.Civ.P. 23(d) Requesting an Order Regarding the Conduct of this Action in the term specified be, and it is hereby, **DENIED**.

