**Darlene M. CALVELLO, Individually, and as a Representative of a Class of Female Employees Similarly Situated, Plaintiff–Appellant,**

v.

**ELECTRONIC DATE SYSTEMS, Defendant–Appellee.**

**Docket No. 04–5641–CV.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

William M. Pottle, Buffalo, N.Y., for Appellant.

Stephen C. Sutton, Baker & Hostetler, LLP (Mark F. Humenik, Duvin Cahn & Hutton, Cleveland, Ohio and Adam W. Perry, Hodgson Russ, LLP), Cleveland, Ohio, for Appellee, of counsel.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On September 14, 2000, Plaintiff–Appellant Darlene Calvello filed a federal complaint alleging that Defendant–Appellee Electronic Data Systems ("EDS") discriminated against female employees in pay and promotions, in violation of (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, (b) the Equal Pay Act (EPA) of 1963, 29 U.S.C. § 206(d)(1)-(2), and (c) the New York State Human Rights Law (N.Y.SHRL), N.Y. Exec. Law § 290 *et seq.* Judge Arcara denied Appellant's motion to certify a class

of similarly-situated female employees and granted Appellee's motion for summary judgment on all claims on September 29, 2004. We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

■ Judge Arcara did not abuse his discretion in finding that Appellant had not satisfied the commonality and typicality requirements of Federal Rule of Civil Procedure 23. *See* Fed.R.Civ.P. 23(a); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* (*In re Visa Check/MasterMoney Antitrust Litig.*), 280 F.3d 124, 132 (2d Cir.2001) (holding that where a district court has applied the proper legal standards in deciding whether to certify a class, its decision may only be overturned if the decision constitutes an abuse of discretion). Appellant's anecdotal evidence and statistical evidence, which was prepared for a separate plaintiff's lawsuit against the same defendant, did not bridge the "gap" between Calvello's claim that she was discriminated against and the existence of a class of EDS employees who suffered the same injury. *See Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157–58, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The judge therefore did not err in finding that Appellant's claims did not share common questions of law or fact with the claims of other putative class members, and that her claims were not typical of the putative class claims. *See id.*

■ On the merits of Appellant's individual disparate treatment claims, the district court correctly held that Appellant's factual allegations regarding incidents that occurred before December 11, 1998 (for Title VII purposes) and September 14, 1997 (for EPA and NYSHRL purposes) were time-barred. The alleged incidents were "discrete" acts that cannot be brought within the Title VII or EPA statutory periods under a continuing violation theory. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (identifying failure to promote as a discrete act which must fall within the statutory period to be actionable); *see also Pollis v. New Sch. for Soc. Research,* 132 F.3d 115, 119 (2d Cir. 1997) (holding that backpay recovery for discriminatory pay is limited to damages incurred during the statutory period, because each receipt of a paycheck is an actionable wrong). Moreover, on the facts of her case, Appellant is not entitled to toll her claims based on the tolling effect described by the Court in *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 350, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

■ Finally, the district court also correctly found that those allegations arising within the statutory periods of the three causes of action did not establish prima facie cases for discriminatory failures to promote, unequal pay, or retaliation. For her wage discrimination claim, she did not establish that she performed "equal work on jobs the performance of which requires equal skill, effort, and responsibility" as any male employees who were paid more. *See* 29 U.S.C. § 206(d); *Aldrich v. Randolph Cent. School Dist.,* 963 F.2d 520, 524 (2d Cir.1992). Similarly, she did not show the engagement in a protected activity, which is required for a cognizable retaliation claim. *See* 42 U.S.C. § 2000e–3(a); *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir. 2005). Finally, she failed entirely to support her claims for discriminatory failure to promote. *See Petrosino v. Bell Atlantic,* 385 F.3d 210, 226–27 (2d Cir.2004).

For the above reasons, the judgment of the district court is AFFIRMED.