NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN DONAHUE, et al., | No.    22-16847 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-00448-MMC |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted February 14, 2024
San Francisco, California

Before:  S.R. THOMAS, HAMILTON,** and CHRISTEN, Circuit Judges.

This appeal is controlled by our opinion issued today in *DeFries v. Union Pacific Railroad Co.*, __F.4th __, No. 23-35119 (9th Cir. June 14, 2024).  Like plaintiff DeFries, plaintiffs-appellants Justin Donahue, Jason Campbell, and Jacob Goss worked as railroad conductors or locomotive engineers for defendant-appellee

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Union Pacific Railroad Company. After failing Union Pacific's routine color-vision testing, each plaintiff was routed into Union Pacific's employee health screening system, the fitness-for-duty program. While undergoing fitness-for-duty evaluations, the plaintiffs failed Union Pacific's follow-up color-vision field test and were diagnosed by Union Pacific's Chief Medical Officer with a "Color Vision Deficit" that the company deemed could not "be accommodated." As a result, they were removed from their positions, and Union Pacific imposed permanent work restrictions that barred them from working any position that required the identification of traffic signals. The plaintiffs attempted to find other positions within the company but were unsuccessful, and Union Pacific's permanent work restrictions have remained in place.

In *DeFries*, we detailed the history of the *Harris v. Union Pacific Railroad Co.* class action, alleging violations of the Americans with Disabilities Act. In *Harris*, the plaintiffs' operative complaint alleged a class that all parties agree included color-vision plaintiffs like Donahue, Campbell, and Goss, but later in the litigation, class counsel moved for class certification on a narrower definition. The district court certified a class based on that narrower definition, but that certification was later reversed by the Eighth Circuit. *Harris v. Union Pacific Railroad Co.*, 329 F.R.D. 616, 628 (D. Neb. 2019), rev'd, 953 F.3d 1030, 1032 (8th Cir. 2020). The plaintiffs in this case are situated identically to DeFries, except that they suffered

adverse employment actions earlier than DeFries, before the certification of the *Harris* class. As in *DeFries*, their individual claims were timely if *American Pipe* tolling extended for them until the Eighth Circuit reversed the class certification. See generally *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–54 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983).

This case, *DeFries*, and *Blankinship v. Union Pacific Railroad Co.*, No. 22–16849, were all argued to this panel on February 14, 2024. In all aspects relevant to this appeal, these plaintiffs are situated identically to the plaintiff in *DeFries*. Under our decision in *DeFries*, plaintiffs Donahue, Campbell, and Goss were entitled to rely on *American Pipe* tolling until the Eighth Circuit issued its mandate decertifying the *Harris* class. We REVERSE summary judgment in favor of Union Pacific and REMAND for further proceedings consistent with this order, without reaching the alternative grounds for summary judgment that the district court did not reach.