NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES BLANKINSHIP,

Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,

Defendant-Appellee.

No.   22-16849

D.C. No. 4:21-cv-00072-RM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted February 14, 2024
San Francisco, California

Before:  S.R. THOMAS, HAMILTON,** and CHRISTEN, Circuit Judges.

This appeal is controlled by our opinion issued today in *DeFries v. Union Pacific Railroad Co.*, __F.4th __, No. 23-35119 (9th Cir. June 14, 2024).  Like plaintiff DeFries, plaintiff-appellant James Blankinship worked as a conductor for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

defendant-appellee Union Pacific Railroad Company. After failing Union Pacific's routine color-vision testing, Blankinship was routed into Union Pacific's employee health screening system, the fitness-for-duty program. While undergoing a fitness-for-duty evaluation, Blankinship failed Union Pacific's follow-up color-vision field test and was diagnosed by Union Pacific's Chief Medical Officer with a "Color Vision Deficit" that the company deemed "unable to be accommodated." As a result, he was removed from his position, and Union Pacific imposed permanent work restrictions that barred him from working any position that required the identification of traffic signals. Blankinship attempted to find other positions within the company but was unsuccessful, and Union Pacific's permanent work restrictions have remained in place.

In *DeFries*, we detailed the history of the *Harris v. Union Pacific Railroad Co.* class action, alleging violations of the Americans with Disabilities Act. In *Harris*, the plaintiffs' operative complaint alleged a class that all parties agree included color-vision plaintiffs like Blankinship, but later in the litigation, class counsel moved for class certification on a narrower definition. The district court certified a class based on that narrower definition, but that certification was later reversed by the Eighth Circuit. *Harris v. Union Pacific Railroad Co.*, 329 F.R.D. 616, 628 (D. Neb. 2019), rev'd, 953 F.3d 1030, 1032 (8th Cir. 2020). Plaintiff Blankinship is situated identically to DeFries, except that he suffered adverse

2

employment actions earlier than DeFries, before the certification of the *Harris* class. As in *DeFries*, Blankinship's individual claims were timely if *American Pipe* tolling extended for him until the Eighth Circuit reversed the class certification. See generally *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–54 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983).

This case, *DeFries*, and *Donahue v. Union Pacific Railroad Co.*, No. 22-16847, were all argued to this panel on February 14, 2024. In all aspects relevant to this appeal, Blankinship and the plaintiffs in *Donahue* are situated identically to the plaintiff in *DeFries*. Under our decision in *DeFries*, plaintiff Blankinship was entitled to rely on *American Pipe* tolling until the Eighth Circuit issued its mandate decertifying the *Harris* class. We REVERSE summary judgment in favor of Union Pacific and REMAND for further proceedings consistent with this order, without reaching the alternative grounds for summary judgment that the district court did not reach.