In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-1480

CRISTIN DENT,

*Plaintiff-Appellant,*

*v.*

CHARLES SCHWAB & CO., INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:23-cv-01167 — **Matthew P. Brookman**, *Judge.*

ARGUED OCTOBER 31, 2024 — DECIDED NOVEMBER 22, 2024

Before SYKES, *Chief Judge*, and RIPPLE and LEE, *Circuit Judges*.

PER CURIAM. Cristin Dent brought this Title VII racial discrimination claim against her former employer, Charles Schwab & Co., Inc. ("Charles Schwab"). In this appeal, she submits that the district court should not have dismissed her complaint as time-barred. Ms. Dent filed her complaint five days late. Charles Schwab then filed a motion for judgment on the pleadings, submitting that Ms. Dent's case was time-

barred. The district court granted the motion.[1] We now affirm its judgment.

Ms. Dent initially filed a charge of discrimination with the Equal Employment Opportunity Commission and received a notice of right to sue on April 5, 2023. Ms. Dent therefore had until July 5, 2023, ninety days after she received the notice of right to sue, to file her complaint in the district court. *See* 42 U.S.C. § 2000e-5(f)(1); *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). Her attorney attempted to file her complaint on July 4, 2023, but did not complete the online submission process. More precisely, after paying the filing fee, the attorney failed to take the necessary steps to receive a "notice of electronic filing" for the complaint, the last step in the electronic filing process. The court's instructions specifically state that, after paying "the filing fee, the filer must click the 'NEXT' button to 'commit[ ] this transaction' and receive" the notice of filing.[2]

After the district court clerk's office telephonically informed the attorney that his filing had not been completed, he filed the complaint on July 10, 2023, five days late. The United States District Court for the Southern District of Indiana's Local Rule 5-4(b) specifies that electronic filing is completed when there has been "[e]lectronic transmission of a document to the Electronic Case Filing System consistent with these rules, together with the transmission of a notice of Electronic Filing from the court." Ms. Dent's counsel has not submitted

---

[1] *Dent v. Charles Schwab & Co.*, No. 23-CV-01167, 2024 WL 1344017, at *1 (S.D. Ind. Feb. 27, 2024).

[2] *Id.* at *2 (alteration in original).

any notice of filing from the court and does not dispute that the complaint was filed late.

Ms. Dent asked that the district court deem her complaint timely by equitably tolling the statutory period for filing. The district court denied this request and granted Charles Schwab's motion for judgment on the pleadings. We review a district court's decision to deny equitable tolling for abuse of discretion. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

The district court did not abuse its discretion in denying Ms. Dent's request for equitable tolling.[3] Such relief is an extraordinary remedy, and the burden is on the party seeking its application to demonstrate that it is warranted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Equitable tolling must be predicated on a showing that the litigant seeking such relief has been pursuing his rights diligently and that an extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

The Supreme Court and our circuit have said that "a garden variety claim of excusable neglect" does not warrant equitable tolling. *Id.* at 651–52 (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)); *see also Obriecht*, 727 F.3d at 749. Although an attorney's "violat[ing] fundamental canons of professional responsibility" can qualify as an extraordinary circumstance warranting equitable tolling, a lawyer's failure

---

[3] The district court correctly understood that the ninety-day filing requirement could be equitably tolled, if the requirements for that relief are met. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 n.3 (1983); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Anooya v. Hilton Hotels Corp.*, 733 F.3d 48, 49 (7th Cir. 1984).

"to meet a filing deadline … is garden variety" and does not warrant equitable tolling. *Obriecht*, 727 F.3d at 749 (citing *Holland*, 560 U.S. at 652–53). Ms. Dent has only demonstrated that her attorney failed to follow the court's instructions and local rules on submitting complaints. She has not shown "that this error was anything other than an unfortunate mistake." *Id.* at 750. Her attorney's mistake is thus nothing more than "garden variety" neglect and does not amount to extraordinary circumstances warranting equitable tolling.

Because the mistake of Ms. Dent's attorney was not an extraordinary circumstance warranting equitable tolling, the district court did not abuse its discretion in granting Charles Schwab's motion to dismiss. The judgment of the district court is affirmed.

AFFIRMED