**James COLE, Plaintiff,**

v.

**CRST, INC. et al., Defendants.**

**EDCV 08-1570-VAP (SPx)**

United States District Court,
C.D. California,
Eastern Division.

Signed 04/01/2016

Gregg Lander, Kevin T. Barnes, Law Offices of Kevin T. Barnes, Los Angeles, CA, Gregory E. Mauro, James R. Hawkins, James Hawkins APLC, Sean Sasan Vahdat,

Sean Sasan Vahdat & Associates, Irvine, CA, for Plaintiff.

James H. Hanson, R. Jay Taylor, Jr., Scopelitis Garvin Light Hanson and Feary PC, Indianapolis, IN, for Defendants.

ORDER DECERTIFYING THE MEAL AND REST BREAK PERIOD CLASSES (DOC. NO. 166) AND DENYING MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (DOC. NO. 173)

Virginia A. Phillips, United States District Judge

On December 4, 2015, Defendant CRST Van Expedited, Inc. ("CRST" or "Defendant") filed a Motion for Decertification. (Doc. No. 166.) On January 11, 2016, Plaintiff James Cole ("Plaintiff") filed an opposition (Doc. No. 172), and on February 29, 2016, CRST filed its reply. (Doc. No. 179.) After considering all papers filed in support of and in opposition to the Motion, as well as the arguments advanced at the hearing, the Court GRANTS the Motion.

## I. BACKGROUND

This action arises out of the compensation system of CRST, a motor carrier that transports freight to customers in the United States, Canada, and Mexico. CRST employs truck drivers to transport freight in vehicles owned by Defendant. CRST is based in Cedar Rapids, Iowa, and operates terminals across the United States, including in Fontana, California. Plaintiff alleges that Defendant uses a uniform compensation system to pay Plaintiff and a putative class of nearly 4,200 current and former California-based truck drivers.

On October 6, 2008, Plaintiff filed a putative class action in California Superior Court for the County of San Bernardino. On November 5, 2008, Defendant removed the action to this Court. (Doc. No. 1.) On January 20, 2010, Plaintiff filed a Second Amended Complaint ("SAC") alleging Defendant failed to provide rest and meal breaks, compensation, and timely wages, among other things. (Doc. No. 56.) On August 5, 2010, the Court granted Plaintiff's motion to certify the class.

In the Certification Order, the Court certified five subclasses. (Doc. No. 86.)

On December 2, 2010, the Court stayed the case pending a decision in *Brinker Rest. Corp. v. Superior Ct.*, 165 Cal.App.4th 25, 80 Cal.Rptr.3d 781 (2008), rev. granted, 85 Cal. Rptr.3d 688, 196 P.3d 216. (Doc. No. 98.) On April 12, 2012, the California Supreme Court announced its decision in *Brinker*. Pursuant to the stay order, the stay in this case was lifted on that same day.

On September 27, 2012, the Court issued a minute order (1) granting Defendant's motion for judgment on the pleadings, in part; (2) granting Defendant's motion for decertification, in part; and (3) denying Plaintiff's motion for order to mail class notice. (*See* Decertification Order (Doc. No. 125) at 1–2.)

The Ninth Circuit reversed this Court's order entering judgment against Plaintiff's rest and meal break claims on the basis that they were preempted by the FAAA in a memorandum issued on April 14, 2015, and remanded the action for further proceedings. (Doc. No. 149.) The mandate of the Ninth Circuit took effect on May 8, 2015. (Doc. No. 153.) On December 15, 2015, the Court denied Plaintiff's motion for partial summary judgment as to his meal and rest break claims. (Doc. No. 171.)

## II. LEGAL STANDARD

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D.Cal.1996) (citing *Crown, Cork & Seal Co. v. Parking*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)). Federal Rule of Civil Procedure 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

To certify a class under Rule 23(a), a plaintiff must demonstrate (1) numerosity; (2) commonality; (3) typicality; and (4) adequa-

cy of representation. *Wal–Mart Stores, Inc.v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2548, 180 L.Ed.2d 374 (2011); *Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.),* 213 F.3d 454, 462 (9th Cir.2000). If the Court finds that the action meets the prerequisites of Rule 23(a), the Court must then consider whether the class is maintainable under Rule 23(b). *Wal–Mart,* 131 S.Ct. at 2548.

 In considering a motion to decertify, "a court must reevaluate whether the class continues to meet the requirements of Rule 23." *Bruno v. Eckhart Corp.,* 280 F.R.D. 540, 544 (C.D.Cal.2012). The Court has a continuing duty to ensure compliance with class action requirements pursuant to Rule 23, and therefore may decertify a class at any time. *Falcon,* 457 U.S. at 160, 102 S.Ct. 2364 ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."). It is within the Court's discretion to decertify a class. *Marlo v. United Parcel Serv., Inc.,* 639 F.3d 942, 944 (9th Cir.2011). The party seeking decertification bears the burden of demonstrating that the elements of Rule 23 have not been established. *Weigele v. FedEx Ground Package Sys.,* 267 F.R.D. 614, 617 (S.D.Cal.2010).

## III. DISCUSSION

Defendant moves to decertify the Meal and Rest Break Period Classes.

### A. MEAL AND REST BREAK POLICIES POST-BRINKER

 Plaintiff contends that Defendant violates California Labor Code § 226.7 by not authorizing or permitting its employees to take meal and rest breaks. In *Brinker Rest. Corp. v. Superior Court,* 53 Cal.4th 1004, 139 Cal.Rptr.3d 315, 273 P.3d 513 (2012), the California Supreme Court articulated employers' obligations with respect to meal and breaks. Under the *Brinker* analysis, an employer satisfies its obligation when it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing

so." *Id.* at 1040, 139 Cal.Rptr.3d 315, 273 P.3d 513. According to *Brinker,* an employer is not obligated to police employees to ensure that meal breaks are taken; rather, the employer must not prevent employees from taking meal breaks. *Id.* Moreover, the *Brinker* Court made clear that employers could satisfy this obligation in different ways and that the court did not need to delineate every instance of compliance. *Id.*

 Plaintiff misstates the appropriate standard when he says that Defendant violates California's meal break rules by failing to adopt a break policy consistent with California law. Defendant's only affirmative obligation is to notify its drivers of California's meal and rest break rules. *See* Cal. Labor Code § 1183(d). Defendant fulfilled this obligation by posting the relevant rules at its terminals. (Taylor Decl., Ex. A–1, Kopecky Dep 52:17–22, 99:4–101:13.)

At the motion hearing, Plaintiff argued that the analysis in *Brinker* applies to meal breaks only. While *Brinker* directly addresses employers' obligations regarding meal breaks, it interprets language in IWC wage orders that apply to meal and rest breaks both. District courts have used this guidance to deny certification of rest period classes. *See, e.g., Ordonez v. Radio Shack, Inc.,* No. CV10–7060–CAS JCGx, 2013 WL 210223, at *11 (C.D.Cal. Jan. 17, 2013), *Cummings v. Starbucks Corp.,* No. CV 12–06345–MWF FFMx, 2014 WL 1379119, at *23 (C.D.Cal. Mar. 24, 2014).

Moreover, while Defendant encourages its drivers to take at least one 15–minute break after five hours of work, Defendant does not limit the number or frequency of rest or meal breaks. (Ex. A–3, Long Dep. at 133:3–21; Ex. A–5, Dixon Dep. at 128:25–129:2; Ex. A–6, Cole Dep. at 206:19–24.)

### B. MEAL AND REST PERIOD CLASSES

Defendant argues that the Meal and Rest Period Classes should be decertified because Plaintiff cannot show there was a policy against providing meal breaks. (Mot. at 5, 21.) Plaintiff argues that the "Court thoroughly addressed commonality ... in its original Certification Order." (Opp. at 8.)

While this is true, the Court has a continuing duty to ensure the class continues to meet the requirements of Rule 23 given the *Brinker* and *Wal–Mart* decisions. *Falcon*, 457 U.S. at 160, 102 S.Ct. 2364.

The Court premised its 2010 Certification Order on a pre-*Brinker* analysis of California labor law, which required employers to ensure that meal and rest break periods were being taken. Similarly, the Certification Order was premised on a pre-*Wal–Mart* analysis of Rule 23.

■ In *Wal–Mart*, the Supreme Court provided guidance on how a court must approach the issue of commonality for purposes of class certification. A plaintiff must show "significant proof that [an employer] operated under a general policy...." *Wal–Mart*, 131 S.Ct. at 2553. Here, Plaintiff must show that Defendant had a general policy of preventing its drivers from taking meal and rest breaks. Plaintiff has not made this showing because a number of drivers, including Plaintiff, acknowledge that they took meal and rest breaks when needed, usually every four to five hours, without interference from Defendant. (Ex. A–2, Clemmons Dep. at 47:8–49:13, 102:10–23, 116:8–13; Ex. A–3, Long Dep. at 49:1–50:22; Ex. A–5, Dixon Dep. at 44:5–10, 46:14–25, 47:2–3, 60–62, 84:10–14; Ex. A–6, Cole Dep. at 207:9–25, 208:8–15, 216:6–9, 217:9–19, 238:16–18; Ex. A–7, Berger Dep. at 42:2–43:24, 57:22–58:8, 73:25–74:6, 92:22–95:7.)

■ Plaintiff's argument against decertification of the meal and rest period classes rests on the assumption that Defendant's failure to maintain an affirmative policy allowing for meal and rest breaks creates a rebuttable presumption that the breaks were not taken. This argument fails because no such presumption exists. *Brinker* unambiguously held that an employer is not obligated to police or ensure that employees take meal breaks; rather, the employer must not prevent employees from taking meal breaks. *Id.* at 1040, 139 Cal.Rptr.3d 315, 273 P.3d 513.

Similarly, there are post-*Brinker* district court cases that found that employers' liability springs not simply from a defective policy, but from proof that rest breaks were unlawfully denied.

For example, in *Ordonez v. Radio Shack, Inc.*, No. CV10–7060–CAS (JCGx), 2013 WL 210223 (C.D.Cal.Jan.17, 2013), the district court denied certification on a rest break subclass. The court applied *Brinker* to find that an employer's rest break policy, which was facially deficient when the defendant offered "testimony that despite its written policy, putative class members were granted rest breaks in accordance with California law-or at a minimum, in accordance with no uniform policy at all." *Id.* at *11. The district court found this evidence important, stating that "[u]nlike other cases where a defendant had a purportedly illegal rest or meal break policy and courts found that common issues predominated, there is substantial evidence in this case that defendant's actual practice was to provide rest breaks in accordance with California law." *Id.* Therefore, the "plaintiff's evidence that defendant may have an illegal, written rest break policy [wa]s insufficient for [the district court] to find that common issues predominate" under Rule 23(b)(3). *Id.*

*Ordonez* is not the only case to apply this reasoning post-*Brinker*. *See, e.g.*, *In re Taco Bell Wage & Hour Actions*, No. CV F 07–1314–LJO (DLBx), 2013 WL 204661 (E.D.Cal. Jan. 17, 2013). In *In re Taco Bell*, the district court found that the plaintiff lacked any form of class-wide proof because the defendants had no records showing whether employees took rest breaks. *Id.* The court held that " [w]ithout reliable evidence in the time cards, an individual inquiry is the only way to determine whether a second break was or was not taken." *Id.* Here, Defendant did not keep records of when drivers took rest breaks.

Both *Ordonez* and *In re Taco Bell* found that an employers' liability does not arise solely from a defective policy, but from proof that employees were actually denied a rest break.

As Plaintiff cannot show that Defendant had a policy of preventing drivers from taking meal and rest breaks, and because there is evidence in the record of drivers taking meal and rest breaks without interference

from Defendant, individualized inquiries predominate. In order to determine why some drivers took meal and rest breaks while others did not requires individualized inquiries as to each driver. Hence, Plaintiff does not satisfy the predominance requirement of Rule 23(b).

Accordingly, the Court GRANTS the motion to decertify the Meal and Rest Period Classes.

### C. LEAVE TO AMEND

On January 22, 2016, Plaintiff filed a Motion for Leave to File a Third Amended Complaint. (Doc. No. 173.) Defendant opposed the motion on February 1, 2016. (Doc. No. 176.)

 Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although liberally granted, leave to amend is not automatic. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). The Ninth Circuit strongly favors allowing amendment and considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff has already amended the complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir.2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The most important of these factors is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). The burden is on the party opposing amendment to show prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987). Absent a showing of prejudice or a strong showing of the remaining factors, a presumption exists in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052.

 Plaintiff seeks to amend the Second Amended Complaint ("SAC") to "clarify" his unpaid rest break claim, *i.e.,* his claim that Defendant failed to pay drivers for rest break time they did take. Plaintiff raised this claim for the first time in its summary judgment motion. As the Court noted in its denial of Plaintiff's summary judgment motion, this is a different claim than that alleged in the SAC. In the SAC, Plaintiff alleges that Defendant failed "to provide rest periods" and failed "to provide compensation for such *unprovided* rest periods" (emphasis added) (SAC ¶¶ 40), which is the only violation that would warrant premium pay, but in the summary judgment motion, Plaintiff sought summary judgment on the claim that Defendant failed to pay for rest breaks taken. These are two different claims, the latter of which was not pled in the SAC.

Allowing Plaintiff to amend his complaint to include this unpaid wage claim would prejudice Defendants at this late stage of the litigation. This case was filed in 2008, so not only is this proposed amendment prejudicial, it is unduly delayed. There has been extensive discovery and motion practice, including a motion for class certification, motion for judgment on the pleadings, and multiple motions for leave to amend, summary judgment, and decertification. If Plaintiff were given leave to amend his complaint to include a new claim now, it would necessarily involve new discovery, repeated motion practice, and possibly development of new defense strategies.

 Plaintiff argues that allowing his amendment would avoid prejudice to Defendant because, "absent this motion to amend, the alternative is for Plaintiff to file an entirely new pleading, which would then be cause for the litigation to be dual tracked, which is completely inefficient." (Mot. at 11.) This argument is not persuasive. A plaintiff must bring all related claims in a single action and cannot get around this requirement by filing a second lawsuit. *See, e.g., United States v. Haitian Republic*, 154 U.S. 118, 123–24, 14 S.Ct. 992, 38 L.Ed. 930 (1894); *Adams v. California Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir.2006).

Lastly, Plaintiff's amendment is futile. The Court noted previously in its order denying Plaintiff's summary judgment motion that Plaintiff's proposed claim is an unpaid wage claim, not a rest break claim, and that it is contradictory to the rest break theory that has been litigated since 2008. Plaintiff cannot seek simultaneously to recover premi-

um pay for unprovided rest breaks pursuant to a general policy against taking rest breaks while seeking unpaid wages for rest breaks that were provided. Adding Plaintiff's new theory to the case would be futile because it is fundamentally at odds with Plaintiff's existing theory. Plaintiff cannot reconcile these two inconsistent theories.

Accordingly, the Court DENIES Plaintiff's Motion for Leave to File a Third Amended Complaint.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Decertification of the Meal and Rest Period Claims and DENIES Plaintiff's Motion for Leave to File a Third Amended Complaint.

**IT IS SO ORDERED.**